Kevin S. Asfour (#228993)
kevin.asfour@klgates.com
K&L GATES LLP
10100 Santa Monica Blvd., 8th Floor
Los Angeles, CA  90067
Telephone: +1 310 552 5000
Facsimile: +1 310 558 5001

Attorney for Defendants
Amazon.com Services LLC
and Amazon.com, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPHINE VILLASENOR,<br><br>            Plaintiff,<br><br>    v.<br><br>AMAZON.COM SERVICES LLC;<br>AMAZON.COM, INC.;<br>DOES 1-10,<br><br>            Defendants. | Case No.<br><br>**NOTICE OF REMOVAL BY DEFENDANTS AMAZON.COM SERVICES LLC AND AMAZON.COM, INC.** |

Pursuant to 28 U.S.C. §§ 1331, 1332(a), 1441, and 1446, Defendants Amazon.com Services LLC and Amazon.com, Inc. (collectively, the "Amazon Defendants") submit this Notice of Removal and hereby remove this action, captioned *Josephine Villasenor v. Amazon.com Services LLC, Amazon.com, Inc., and Does 1-10*, Case No. 25LBCV00108, from the Superior Court for the State of California, County of Los Angeles, to the United States District Court for the Central District of California.  In support thereof, the Amazon Defendants state as follows:

## I.    BACKGROUND

1.      On January 17, 2025, Josephine Villasenor ("Plaintiff") filed this action against the Amazon Defendants in the Superior Court for the State of California, County of Los Angeles ("State Court") captioned *Josephine Villasenor v. Amazon.com Services LLC, Amazon.com, Inc., and Does 1-10*, Case No. 25LBCV00108, ("Complaint").[1]

2.      On January 21, 2025, the Amazon Defendants were served with a summons and copy of the Complaint.[2]

3.      In the Complaint, Plaintiff alleges that she ordered items for delivery from Amazon.com, and that, on or around August 24, 2024, she noticed "several Amazon packages" on her front porch. (Ex. A, Compl. ¶ 8).  Upon inspection of the packages, Plaintiff alleges that one package appeared soaked at the bottom with a liquid she later came to believe was urine. (*Id.* at  ¶¶ 8–9).  According to Plaintiff, she then contacted Amazon's customer service regarding her concern, who instructed

---

[1] In the Complaint, Plaintiff also identifies "Does 1-10" as "fictitiously named Defendants" for whom she "is unaware of the true names and capacities." (Compl. ¶ 5).  A true and correct copy of the Complaint is attached hereto as **Exhibit A**. Such "fictitiously named Defendants" are irrelevant for removal purposes. *See* 28 U.S.C. § 1446(b) ("In determining whether a civil action is removable on the basis of [diversity] jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.").
[2] True and correct copies of the of the summons, Complaint and all other process, pleadings and orders served upon the Amazon Defendants in connection with this action are attached hereto as **Exhibit B**.

- 2 -                                    NOTICE OF REMOVAL

her to dispose of the items and offered her a reimbursement for the cost of the goods. (*Id.* ¶¶ 10–11).  However, Plaintiff claims that the Amazon Defendants allegedly failed to disclose information about or take disciplinary action against the unnamed delivery driver who delivered the package, issue an apology to Plaintiff, or provide compensation for Plaintiff's distress.  (*Id.* ¶¶ 11, 14).

4.     Plaintiff contends that as a result of the Amazon Defendants' alleged "mishandling of the situation[,]" she has suffered emotional distress, including "anxiety, fear, and [] loss of trust in Amazon's services." (*Id.* ¶¶ 13, 15).  Plaintiff also alleges that she has suffered harm, including economic losses, from the inconvenience and difficulty, given her existing mobility limitations, of having to procure from physical stores, rather than by delivery to her residence, certain products used for her party store balloon business and from her choice to now pick up purchases from the Amazon.com store at an Amazon locker.  (*Id.* ¶¶ 12–13, 15).

5.     On these bases, the Complaint asserts eight causes of action against the Amazon Defendants for: (1) violation of the federal Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq.*; (2) violations of several California state statutes, including the Unfair Competition Law, Cal. Bus.  Profs. Code §§ 17200, *et seq.*, the Fair Employment and Housing Act, Cal. Gov't Code §§ 12900, *et seq.*, the Unruh Civil Rights Act, Cal. Civ Code §§ 51, *et seq.*, and sexual harassment under Cal. Civ. Code § 51.9, and breach of implied warranty under Cal. Com. Code § 2314; and (3) common law claims for Negligence, Intentional Infliction of Emotional Distress, and Negligent Hiring, Supervision, and Retention.  (Ex. A, Compl. ¶¶ 16–71).

6.     As set forth in the Complaint and Statements of Damages,[3] Plaintiff seeks various forms of monetary relief, including general, special, and punitive damages, in the total amount of $50 million. (*See* Ex. A, Compl. ¶¶ 21–25, 31–33, 37, 41–43, 47–48, 52–54, 62–64, 70–71, Prayer for Relief 1–3; Ex. C, Statements of

---

[3] A true and correct copy of Plaintiff's Statements of Damages is attached hereto as **Exhibit C**.

- 3 -                                    NOTICE OF REMOVAL

Damages).  Plaintiff also seeks "injunctive and equitable relief so Plaintiff can be supported in an alternative and safe way to receive goods as a disabled person" (Ex. A, Compl. ¶ 48), and attorney's fees and costs (*id.*, Prayer for Relief 4; Statements of Damages).

7.      Based on the allegations, claims, and relief requested in Plaintiff's Complaint and Statements of Damages, the Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332(a), 1441, and 1446. ***First***, this action is subject to the Court's federal question jurisdiction because Plaintiff asserts a claim "under the … laws . . . of the United States," to wit, the federal ADA.  ***Second***, this action is also subject to the Court's diversity jurisdiction because it is between citizens of different states and the amount in controversy is greater than $75,000, exclusive of interest and costs.  Therefore, this action could have originally been filed in this Court and is now properly removed to this Court.

## II.     REMOVAL IS PROPER BECAUSE THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION OVER THIS ACTION.

8.      A defendant seeking to remove an action need only set forth in its notice of removal "a short and plain statement of the grounds for removal[.]"  28 U.S.C. § 1446(a).  A notice of removal, therefore, "need not contain evidentiary submissions but only plausible allegations of the jurisdictional elements." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019) (internal quotation marks omitted); *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 83–84 (2014).

### A.      The Court has Federal Subject Matter Jurisdiction.

9.      Under the provisions of 28 U.S.C. § 1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," this Court has original federal question jurisdiction over this case.  Therefore, removal to this Court is proper under 28 U.S.C. §§ 1441(a) and 1446.

NOTICE OF REMOVAL

10.     This action is properly removable to this Court because Plaintiff asserts a cause of action in her Complaint for alleged violations of the ADA, a federal statute. (Ex. A, Compl. ¶¶ 50–51).  The Ninth Circuit has consistently recognized that claims brought under the federal ADA are subject to the federal district court's original subject matter jurisdiction pursuant to 28 U.S.C. § 1331.  *See*, *e.g.*, *Goldman v. Standard Ins. Co.*, 341 F.3d 1023, 1025 (9th Cir. 2003) ("The district court exercised its jurisdiction under 28 U.S.C. § 1331 based on the ADA claim, and its supplemental jurisdiction over the state law claims."); *Brown v. City of Los Angeles*, No. CV 06-0316 SVW (RCx), 2006 WL 8450717, at *1 (C.D. Cal. Apr. 25, 2006) ("The Court has subject matter jurisdiction over the ADA . . . under 28 U.S.C. § 1331, and supplemental jurisdiction over the [state law] claims pursuant to 28 U.S.C. § 1367(a).").

11.     Plaintiff's state law claims in this action arise from the same alleged set of facts as Plaintiff's federal ADA claim and "are so related" to the ADA claim "that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).  Accordingly, the Court can exercise supplemental jurisdiction over all of Plaintiff's state law claims.  *See id.*; *Goldman*, 341 F.3d at 1025; *Kohler v. Rednap, Inc.*, 794 F. Supp. 2d 1091, 1096 (C.D. Cal. 2011) (finding court could not decline to exercise supplemental jurisdiction where "[i]t [was] clearly more convenient and economical for the ADA claim and state-law claims based on those same ADA violations to be litigated in one suit").[4]

12.     Therefore, the Court has subject matter jurisdiction over Plaintiff's Complaint, and all claims therein, pursuant to 28 U.S.C. §§ 1331, 1441(a) and 1446.

**B.      The Court has Diversity Jurisdiction Over this Action.**

13.     As a separate and independent basis for removal, this Court also has

---

[4] Even if the Court lacked supplemental jurisdiction over Plaintiff's state law claims, Plaintiff's entire Complaint is nevertheless removable pursuant to 28 U.S.C. § 1441(c)(1), which provides for the removal of "the entire action."

NOTICE OF REMOVAL

diversity jurisdiction over this action under 28 U.S.C. § 1332(a) because: (1) complete diversity of citizenship exists between the named parties; and (2) the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Accordingly, removal to this Court is proper pursuant to 28 U.S.C §§ 1441(b) and 1446.

### 1.   Complete Diversity of Citizenship Exists Between the Named Parties.

14.   Complete diversity of citizenship exists between the named parties because Plaintiff is a citizen of the State of California, and the Amazon Defendants are citizens of states other than California.[5]  *See* 28 U.S.C. § 1332(a)(1).

15.   Plaintiff is a resident of the State of California.  (*See* Ex. A, Compl. ¶ 1 (alleging that "Plaintiff is a resident of . . . California.")).  She is therefore a citizen of California and of no other state.

16.   Defendant Amazon.com, Inc. is a citizen only of states other than California, specifically Delaware and Washington.  Contrary to Plaintiff's incorrect allegation that Amazon.com, Inc. "is a corporation duly organized and existing under the laws of the State of California" (*see* Ex. A, Compl. ¶ 3), Amazon.com, Inc. is a Delaware corporation with its principal place of business in Washington. Accordingly, Amazon.com, Inc. is a citizen of Delaware and Washington (and no other state) for purposes of diversity jurisdiction.  *See* 28 U.S.C § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business"); *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010) (holding that a corporation is a citizen of its place of incorporation and its "principal place of business," which is "the actual center of direction, control, and coordination" of the corporation's activities).

---

[5] As noted above, the citizenship of fictitious "Doe" defendants is immaterial and "shall be disregarded" for purposes of jurisdiction in the removal context.  28 U.S.C. § 1441(b).

- 6 -

17.    Likewise, Defendant Amazon.com Services LLC is a limited liability company and a citizen only of states other than California, specifically Delaware and Washington.  Under Ninth Circuit law, "an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage LP*, 437 F.3d 894, 899 (9th Cir. 2006) (collecting cases); *see also 19th Cap. Grp. LLC v. 3 GGGs Truck Linesm Inc.*, No. CV 18-2493 PA (RAOx), 2018 WL 6219886, at *2 (C.D. Cal. Apr. 3, 2018) (holding citizenship of LLC is determined by the citizenship of each of its members).  Amazon.com Services LLC's sole member, Amazon.com Sales, Inc., is a Delaware corporation with its principal place of business in the State of Washington.  As such, Amazon.com Sales Inc.—and, by extension, Amazon.com Services LLC—is a citizen of only Delaware and Washington.  *See* 28 U.S.C § 1332(c)(1).  Therefore, contrary to Plaintiff's incorrect allegation that Amazon.com Services LLC "is a corporation duly organized and existing under the laws of the State of California," (*see* Ex. A, Compl. ¶ 2), Amazon.com Services LLC is a citizen of the States of Delaware and Washington for purposes of diversity jurisdiction, and of no other state.

18.    In short, no named defendant is a citizen of California, and thus there is complete diversity of citizenship between Plaintiff and the Amazon Defendants. Similarly, because no defendant is a citizen of California, removal is not barred by the provisions of 28 U.S.C. § 1441(b)(2).

19.    For these reasons, this action involves citizens of different states, such that complete diversity of citizenship exists between the parties.  *See* 28 U.S.C. § 1332(a)(1) (providing for original diversity jurisdiction for matters between "citizens of different States").

### ii.    *The Amount in Controversy Requirement is Satisfied.*

20.    To invoke diversity jurisdiction, the amount placed in controversy by the claims asserted and relief sought must exceed $75,000.00, exclusive of interest

NOTICE OF REMOVAL

and costs. *See* 28 U.S.C. § 1332(a).

21.    Here, the amount placed in controversy by the claims asserted and relief sought in Plaintiff's Complaint and Statements of Damages exceeds $75,000.00, exclusive of interest and costs.

22.    Specifically, Plaintiff seeks various forms of monetary relief, including compensatory, special, and punitive damages, as well as attorneys' fees and costs. (*See* Ex. A, Compl., Prayer for Relief 1–4; *see also* Ex. C, Statements of Damages). In total, Plaintiff alleges that she is entitled to recover and expressly seeks to recover at least $50,000,000.00 in such relief.    (*See* Ex. C, Statements of Damages). Plaintiff's requested monetary damages of $50 million greatly exceed the $75,000.00 amount-in-controversy requirement for removal.[6]    *See* 28 U.S.C. § 1446(c)(2) (providing that "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy").

23.    In short, considering the nature of Plaintiff's requests for monetary damages, equitable and injunctive relief, and attorneys' fees and costs, the value of such relief plainly satisfies the amount-in-controversy requirement of $75,000.00.

## III.    VENUE IS PROPER IN THIS COURT

24.    The United States District Court for the Central District of California is the federal district court encompassing the Superior Court for the State of California, County of Los Angeles which is where the suit was originally filed and is currently pending. *See* 28 U.S.C. § 84(c).

25.    This Court is therefore the proper venue for removal of this action. *See*

---

[6] Plaintiff also requests vaguely described "injunctive and equitable relief so [she] can be supported in an alternative and safe way to receive goods as a disabled person[.]" (Ex. A, Compl. ¶ 48).  Given that Plaintiff's requested monetary relief far outstrips the amount-in-controversy threshold, the Court need not consider the value or cost of complying with such an injunction.  However, common sense dictates that the cost of complying with Plaintiff's requested relief would be reasonably expected to exceed $75,000.00. *See Arias*, 936 F.3d 925 (permitting the amount in controversy to rest upon reasonable assumptions, including assumptions "founded on the allegations of the complaint").

NOTICE OF REMOVAL

28 U.S.C. § 1441(a) (authorizing removal "to the district court of the United States for the district and division embracing the place where such action is pending").

## IV. PROCEDURAL COMPLIANCE – TIMELINESS AND NOTICE OF REMOVAL TO PLAINTIFF AND THE STATE COURT.

26.     Pursuant to 28 U.S.C. § 1446(a), the Amazon Defendants have attached hereto copies of all process, pleadings, and orders served upon it in the State Court action.  (*See* Exs. A–C).

27.     In accordance with the requirements of 28 U.S.C. § 1446(b)(1), this Notice of Removal is timely filed within 30 days of service on the Amazon Defendants of the summons and copies of the Complaint on January 21, 2025. (*See* Exs. A, B).

28.     Pursuant to 28 U.S.C. § 1446(b)(2)(A), "all defendants who have been properly joined and served must join in or consent to the removal of the action." The Amazon Defendants are the only properly joined and served defendants in this action, and both Amazon Defendants join in this Notice of Removal and consent to the removal of this action.

29.     In accordance with 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be served upon counsel of record.

30.      In accordance with 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the clerk of the State Court and served upon counsel of record.

31.     This action has not previously been removed to this Court nor any other federal court.

## V.     RESERVATION OF RIGHTS

32.     The Amazon Defendants hereby expressly reserve the right to amend or supplement this Notice of Removal.  If any question arises as to the propriety of the removal to this Court, the Amazon Defendants requests the opportunity to present written briefing and oral argument in support of its position that this case has been

NOTICE OF REMOVAL

properly removed.

33.    By filing this Notice of Removal, the Amazon Defendants do not waive any defense that may be available to them, and they hereby reserve all such defenses. Similarly, by removing this action to the United States District Court for the Central District of California, the Amazon Defendants do not waive their rights to assert any defenses or objections, or to move for any relief available under state or federal law. The Amazon Defendants expressly reserves the right to move for dismissal of some or all of Plaintiff's claims, seek dismissal based on lack of personal jurisdiction, improper venue, failure to state a claim, and/or the doctrine of *forum non conveniens*, and/or move to transfer venue or seek any other relief on those or other applicable grounds.

## VI.    CONCLUSION

34.    For the foregoing reasons, the Amazon Defendants hereby gives notice that the action captioned *Josephine Villasenor v. Amazon.com Services LLC, Amazon.com, Inc., and Does 1-10*, Case No. 25LBCV00108, pending before the Superior Court for the State of California, County of Los Angeles, is hereby removed to the United States District Court for the Central District of California.


Dated:  February 20, 2025

K&L GATES LLP


By: s/ Kevin S. Asfour
    Kevin S. Asfour

    *Attorney for Defendants*
    *Amazon.com Services LLC and*
    *Amazon.com, Inc.*

NOTICE OF REMOVAL