# **EXHIBIT A**

J. Owen Murrin (SBN 75329)
Murrin Law Firm
7040 E. Los Santos Drive
Long Beach, California 90815
Phone: 562-342-3011
Fax: 562-724-7007
E-mail: jmurrin@murrinlawfirm.com
Attorney for JOSEPHINE VILLASENOR

Electronically FILED by
Superior Court of California,
County of Los Angeles
1/17/2025 9:57 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By A. Miranda, Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

JOSEPHINE VILLASENOR

    Plaintiff,

v.

AMAZON.COM SERVICES LLC;
AMAZON.COM, INC.;
DOES 1-10

    Defendants.

CASE NO.: 25LBCV00108

COMPLAINT
1. NEGLIGENCE
2. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
3. NEGLIGENT HIRING, SUPERVISION, AND RETENTION
4. BREACH OF IMPLIED WARRANTY
5. VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE §17200 (UNFAIR BUSINESS PRACTICES)
6. FAILURE TO ACCOMMODATE UNDER THE AMERICANS WITH DISABILITIES ACT AND THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT
7. VIOLATION OF CALIFORNIA CIVIL CODE SECTION 51.9
8. VIOLATION OF THE UNRUH CIVIL RIGHTS ACT (CALIFORNIA CIVIL CODE SECTION 51)

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Plaintiff JOSEPHINE VILLASENOR hereby sues Defendants.

1

**COMPLAINT JOSEPHINE VILLASENOR**

## PARTIES

1. At all times herein, Plaintiff JOSEPHINE VILLASENOR was and is a resident of the City of Long Beach, County of Los Angeles, State of California.

2. At all relevant times, Defendant Amazon.com Services LLC (hereinafter "Amazon") is a corporation duly organized and existing under the laws of the State of California, engaged in the business of selling and delivering goods to consumers.

3. At all relevant times, Defendant Amazon.com, Inc. (hereinafter "Amazon") is a corporation duly organized and existing under the laws of the State of California, engaged in the business of selling and delivering goods to consumers.

4. Plaintiff is informed and believes and upon such information and belief, alleges that Defendants, DOES 1-10, are and at all relevant times were, residents of the County of Los Angeles, State of California.

5. Plaintiff is unaware of the true names and capacities of the DOE Defendants named herein as DOES 1-10, and therefore sues those defendants by such fictitious names. Plaintiff will seek leave to amend this Complaint to allege their true and accurate names and capacities when ascertained. Plaintiff is informed and believes and upon such information and belief, alleges that each of the fictitiously named Defendants is responsible for the acts and/or omissions herein alleged, and that Plaintiff's injuries and damages as herein alleged were proximately caused by the acts and/or omissions of such fictitiously named Defendants.

## JURISDICTION

6. The events giving rise to this complaint occurred in the City of Long Beach, County of Los Angeles, making Los Angeles County Superior Court the proper jurisdiction for this matter.

## GENERAL ALLEGATIONS

7. On or about Saturday, August 24, 2024, Plaintiff, who has limited mobility due to a prior stroke, was working from her home office in Long Beach, California. She had previously ordered several items from Amazon, including clothing, event supplies, and other miscellaneous goods.

**COMPLAINT JOSEPHINE VILLASENOR**

8. At approximately 3:15 p.m., Plaintiff noticed several Amazon packages on her front porch. When she inspected them, she observed that one of the boxes appeared soaked at the bottom and was emitting an unusual odor.

9. Upon bringing the packages inside and opening them, Plaintiff discovered that some contents, including a t-shirt, were damp and had a yellowish, sticky texture with a slimy feel. Upon further inspection, she realized the wetness appeared to be urine, causing her significant distress.

10. Plaintiff, disturbed and anxious about the situation, immediately washed her hands and contacted Amazon customer service. She was met with dismissive and rude behavior from Amazon representatives, who implied that she might have caused the contamination herself.

11. Plaintiff provided photographic evidence to substantiate her claim, after which Amazon representatives began to treat the matter more seriously. Despite the seriousness of the issue, Amazon instructed her to dispose of the items, considering them biohazardous, and offered only a reimbursement for the cost of the goods. No compensation was provided for the distress caused.

12. Due to her mobility limitations, Plaintiff cannot easily access alternative delivery options, and the incident has left her with a lasting fear of Amazon deliveries. To avoid future contamination, she now drives to an Amazon locker for pickup-a significant inconvenience given her disability and limited mobility.

13. Plaintiff regularly relied on Amazon to provide supplies for her party store balloon business, which utilized certain products delivered through Defendants' services. Following this incident, Plaintiff has been forced to procure her own supplies by driving to physical stores, an additional burden given her physical limitations. This shift has been necessitated by the trauma caused by the event and Plaintiff's resulting fear of receiving deliveries. Plaintiff is particularly distressed by the prospect of male delivery drivers, as the incident involved an act of intimidation through the misuse of male anatomy, which left Plaintiff feeling powerless and vulnerable.

14. Plaintiff has repeatedly requested information regarding any disciplinary actions taken against the delivery driver involved in the incident. Amazon has failed to provide any updates or disclose any information about the driver, nor have they issued an apology for the incident.

15. As a result of Amazon's mishandling of the situation, Plaintiff has suffered significant emotional distress, including anxiety, fear, and a loss of trust in Amazon's services. The experience has also aggravated her physical limitations, as her new delivery arrangement imposes added strain on her limited mobility.

### FIRST CAUSE OF ACTION
### NEGLIGENCE
**(Against All Defendants)**

16. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

17. At all relevant times, Defendant Amazon, as a provider of delivery services, had a duty of care to ensure that its deliveries were conducted in a safe, reasonable, and sanitary manner for the well-being of its customers, including Plaintiff.

18. Defendant Amazon is responsible for the negligent acts of its employee urinating on a customer's package. This act amounts to at least negligence.

19. Defendant Amazon breached this duty when its employee delivered a package contaminated with urine to Plaintiff's residence. This failure to ensure the safety and cleanliness of the delivery constituted negligence.

20. Defendant Amazon knew or should have known that proper procedures were necessary to prevent contamination of deliveries and failed to take reasonable steps to train and supervise staff to assure something like this would not happen. Its failure in of itself amounts to negligence.

21. As a direct and proximate result of Defendant Amazon's negligence, Plaintiff has suffered and continues to suffer emotional distress, inconvenience, and physical discomfort.

22. As a direct and proximate result of Defendant Amazon's negligence, Plaintiff incurred significant financial costs. These include expenses related to replacing the contaminated items, which were critical for her event business, and travel to various locations, including Glendale, Los Angeles, El Monte, and Cerritos, to find suitable replacements. Plaintiff also paid more for replacement supplies than she would have through her original order, compounding her financial losses. These economic damages were further exacerbated by the time-sensitive nature of her business needs.

23. By reason of the aforementioned facts, Defendant Amazon's negligent conduct has caused Plaintiff to experience significant emotional and mental anguish.

24. Defendant Amazon's conduct was not only negligent but also reckless and malicious. By failing to take immediate corrective action against the delivery driver despite photographic evidence of the misconduct, Defendant Amazon displayed a willful disregard for Plaintiff's rights and safety. Defendant Amazon's repeated refusal to disclose any disciplinary measures against the driver further illustrates its indifference to the harm suffered by Plaintiff. Punitive damages are necessary to punish Defendant Amazon for its egregious conduct and to deter similar behavior in the future.

25. Plaintiffs seek all damages allowed by law and proximately caused by Defendant Amazon pursuant to or allowed by CCP § 3294. The above-described conduct was oppressive, fraudulent, and malicious, justifying punitive damages.

## SECOND CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
(Against All Defendants)

26. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

27. The above conduct by Defendant Amazon's employee was outrageous and extreme.

28. At all relevant times, Defendant Amazon and its employees had a duty not to engage in conduct that was outrageous, extreme, or beyond the bounds of decency when interacting with customers, including Plaintiff.

29. Defendant Amazon breached this duty when it delivered a contaminated package to Plaintiff's residence and subsequently mishandled Plaintiff's complaints, thereby engaging in conduct that was outrageous and reckless.

30. Defendant Amazon, through its employee, either intended to cause emotional distress or acted with reckless disregard for the high probability that this conduct would cause severe emotional distress to Plaintiff through its actions.

31. As a direct and proximate result of Defendant Amazon's outrageous and extreme conduct, Plaintiff has suffered severe and ongoing emotional distress. The incident has triggered panic attacks, symptoms of post-traumatic stress disorder (PTSD), and an overwhelming fear of encountering delivery drivers, particularly those associated with Defendant Amazon. Plaintiff now experiences physical manifestations of this distress, including shaking, crying, and nausea, whenever she sees an Amazon delivery truck. This emotional toll has significantly disrupted Plaintiff's sense of safety in her home and her ability to function in her daily life.

32. The incident represented a gendered power dynamic in which Defendant Amazon's male delivery driver used his anatomy to intimidate and degrade Plaintiff in a manner uniquely tied to his gender. The act of urinating on Plaintiff's package and delivering it to her residence constituted a form of harassment that Plaintiff, as a woman, could not reciprocate or defend against, leaving her feeling profoundly powerless. This act has exacerbated Plaintiff's trauma and sense of vulnerability, particularly as it occurred in the perceived safety of her home.

33. Plaintiffs seek all damages allowed by law and proximately caused by Defendant Amazon pursuant to or allowed by CCP § 3294. The above-described conduct was oppressive, fraudulent, and malicious, justifying punitive damages.

### THIRD CAUSE OF ACTION
### NEGLIGENT HIRING, SUPERVISION, AND RETENTION
(Against All Defendants)

34. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

35. At all relevant times, Defendant Amazon had a duty to exercise reasonable care in hiring, supervising, and retaining its employees, including the delivery driver responsible for the contaminated package.

36. Defendant Amazon breached this duty by negligently hiring, retaining, and failing to adequately train and supervise this individual, thereby contributing to the incident involving the contaminated package.

37. As a direct and proximate result of Defendant Amazon's negligent hiring, supervision, and retention practices, Plaintiff suffered damages, including emotional distress and inconvenience.

## FOURTH CAUSE OF ACTION
## BREACH OF IMPLIED WARRANTY
### (Against All Defendants)

38. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

39. Defendant Amazon is bound by California Commercial Code Section 2314, which imposes an implied warranty that the product is fit for its intended purpose and is not contaminated.

40. By delivering goods contaminated with urine, Defendant Amazon breached this implied warranty and the general warranty of merchantability.

41. As a direct and proximate result of Defendant Amazon's breach of the implied warranty, Plaintiff suffered damages, as the contaminated goods were unfit for use and failed to meet reasonable expectations.

42. As a direct result, Plaintiff suffered harm and emotional distress for which she seeks reimbursement.

43. Plaintiff seeks all damages allowed by law.

## FIFTH CAUSE OF ACTION
## VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE §17200
### (Against All Defendants)

44. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

45. Defendant Amazon's failure to prevent the contamination of deliveries and its subsequent mishandling of Plaintiff's complaint constitute unfair and deceptive business practices under California Business and Professions Code §17200 and as a result, Plaintiff was emotionally harmed.

46. Said conduct violates public policy as these actions were likely to mislead the public and cause harm, which it did in this case. Also, the above conduct constitutes a violation of principles of unfair competition on the part of Defendant Amazon.

47. As a direct and proximate result of these unfair business practices, Plaintiff suffered economic and non-economic damages.

48. Plaintiff seeks all damages allowed by law including injunctive and equitable relief so Plaintiff can be supported in an alternative and safe way to receive goods as a disabled person.

## SIXTH CAUSE OF ACTION
## FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS
### (Against All Defendants)

49. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

50. Defendant Amazon failed to provide reasonable accommodations to Plaintiff, a disabled individual, when addressing the contamination incident and its aftermath. Plaintiff's physical limitations, including her use of a cane and her susceptibility to pain and exhaustion from prolonged walking, were exacerbated by Defendant's refusal to deliver packages in a safe and sanitary manner. Defendant's failure to offer or facilitate accessible alternative delivery arrangements caused Plaintiff additional emotional and physical strain, violating the Americans with Disabilities Act and California Fair Employment and Housing Act. Plaintiff seeks equitable relief and damages for the undue burden this failure imposed on her.

51. Defendant Amazon's failure to provide clean and safe deliveries, as well as its failure to offer a reasonable alternative following the contamination incident, violated the Americans with Disabilities Act and the California Fair Employment and Housing Act and is actionable specifically under California Civil Code Section 51, et seq.

52. As a direct and proximate result of Defendant Amazon's failure to provide reasonable accommodations, Plaintiff has suffered emotional distress, loss of trust in Defendant Amazon's services, and increased difficulty receiving necessary deliveries.

53. Plaintiff seeks all damages allowed by law including attorney's fees.

54. Plaintiffs seek all damages allowed by law and proximately caused by Defendant Amazon pursuant to or allowed by CCP § 51 and CCP § 3294. The above-described conduct was oppressive, fraudulent, and malicious, justifying punitive damages.

## SEVENTH CAUSE OF ACTION
## VIOLATION OF CALIFORNIA CIVIL CODE SECTION 51.9
(Against All Defendants)

55. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

56. At all relevant times, Plaintiff was entitled to the right to be free from sexual harassment in a business, service, or professional relationship pursuant to California Civil Code Section 51.9. This statute prohibits sexual harassment in situations where there is a business or service relationship, and the conduct creates an intimidating, hostile, or offensive environment. Defendants had a statutory duty to refrain from engaging in or permitting such unlawful conduct.

57. On or about August 24, 2024, Plaintiff, a customer of Defendants, received a package at her residence that was delivered by Defendants' employee and contaminated with what appeared to be human urine. The package's condition, combined with subsequent dismissive, inappropriate, and offensive conduct by Defendants' customer service representatives, created an environment that was hostile and degrading to Plaintiff.

58. Plaintiff regularly uses Amazon's services for her business purposes, including purchasing supplies necessary to operate and fulfill her business needs. Defendants' failure to ensure the safety and integrity of their deliveries interfered with Plaintiff's ability to rely on Amazon as a key supplier for her business.

59. Upon contacting Defendants to address the issue, Plaintiff was subjected to conduct that included, but was not limited to, dismissive and mocking responses by customer service representatives,

9
**COMPLAINT JOSEPHINE VILLASENOR**

offensive insinuations that Plaintiff caused the contamination herself, and a refusal to provide meaningful corrective action or an apology, perpetuating a sense of indignity and vulnerability. Plaintiff reasonably interpreted the employee's delivery of a contaminated package, combined with Defendants' subsequent handling of the situation, as conduct motivated by disregard for her dignity and reflective of pervasive disrespect. This created an environment that was intimidating, hostile, and offensive.

60. The delivery driver's act of urinating on the package constituted a gender-specific form of harassment that exploited the inherent power dynamic between male and female anatomy. By misusing his anatomy in a way that Plaintiff could not, the driver's conduct was uniquely intimidating and degrading, leaving Plaintiff feeling both powerless and violated. This act, coupled with Defendants' dismissive and inadequate response, perpetuated an environment of hostility and fear for Plaintiff, particularly as a female customer.

61. Defendants had a business and service relationship with Plaintiff as a consumer of their delivery services, falling within the scope of California Civil Code Section 51.9. The conduct described herein was unwelcome, pervasive, and offensive. A reasonable person in Plaintiff's position would find the conduct intimidating and hostile. Defendants knew or should have known about the harassing conduct but failed to take any corrective action to address it.

62. As a direct and proximate result of Defendants' actions and omissions, Plaintiff has suffered severe emotional distress, mental anguish, and inconvenience. Additionally, Plaintiff has incurred economic damages due to the alteration of her reliance on Defendants' delivery services for her business needs. Plaintiff continues to experience fear and distress when interacting with Defendants or their services.

63. Defendants' actions were intentional, oppressive, fraudulent, and malicious, justifying the imposition of punitive damages under California Civil Code Section 3294 to deter similar conduct in the future.

64. Plaintiff seeks all damages allowed by law, including general, special, and punitive damages, equitable relief, attorney's fees, and any further relief this Court deems just and proper.

## EIGHTH CAUSE OF ACTION
## VIOLATION OF THE UNRUH CIVIL RIGHTS ACT (CALIFORNIA CIVIL CODE SECTION 51)
**(Against All Defendants)**

65. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

66. The Unruh Civil Rights Act guarantees that all persons within the jurisdiction of the State of California are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments, including those provided by Defendants. Under California Civil Code Section 51, Defendants are prohibited from discriminating against individuals based on disability or any arbitrary classification.

67. At all relevant times, Plaintiff was entitled to equal access and treatment as a consumer of Defendants' services, regardless of her disability. Plaintiff's limited mobility and reliance on Defendants for delivery services, exacerbated by her physical limitations, placed her in a position of vulnerability, requiring Defendants to ensure that their services accommodated her disability and did not subject her to discriminatory practices.

68. Defendants violated the Unruh Civil Rights Act by failing to ensure that their delivery services met the standards of safety, hygiene, and accessibility reasonably expected by all customers, particularly those with disabilities. Specifically, by delivering a package contaminated with urine, mishandling Plaintiff's subsequent complaints, and refusing to provide a reasonable accommodation or apology, Defendants treated Plaintiff in a manner that was unequal and discriminatory.

69. Defendants' actions effectively denied Plaintiff full and equal access to their services, as the delivery incident and Defendants' inadequate response created a hostile and unsafe environment for Plaintiff as a customer. Defendants' failure to take meaningful corrective action further demonstrated their disregard for Plaintiff's rights under the Unruh Civil Rights Act.

70. As a direct and proximate result of Defendants' discriminatory conduct, Plaintiff suffered severe emotional distress, anxiety, and inconvenience. Plaintiff also incurred additional expenses and physical strain as a result of having to alter her reliance on Defendants' delivery services to avoid further incidents.

71. Defendants' actions were intentional, oppressive, fraudulent, and malicious, justifying the imposition of punitive damages under California Civil Code Section 3294 to deter similar conduct in the future.

## PRAYER

Wherefore, Plaintiff prays for judgment against Defendants as follows:

1. For general damages according to proof at trial;
2. For special damages according to proof at trial, including medical expenses and compensation for Plaintiff's emotional distress;
3. Punitive damages to punish and deter future conduct;
4. Attorney's fees and costs provided by law;
5. For such other and further relief as this Court deems just and proper.

DATED: January 14, 2025               MURRIN LAW FIRM

_____
J. Owen Murrin, Attorney for
JOSEPHINE VILLASENOR