# EXHIBIT B

1  J. Owen Murrin (SBN 75329)
   Murrin Law Firm
2  7040 E. Los Santos Drive
   Long Beach, California 90815
3  Phone:  562-342-3011
   Fax:  562-724-7007
4  E-mail: jmurrin@murrinlawfirm.com
   Attorney for JOSEPHINE VILLASENOR

Electronically FILED by
Superior Court of California,
County of Los Angeles
1/17/2025 9:57 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By A. Miranda, Deputy Clerk

5

6                  SUPERIOR COURT OF THE STATE OF CALIFORNIA

7                          COUNTY OF LOS ANGELES

8

   JOSEPHINE VILLASENOR                    CASE NO.: 25LBCV00108
9
             Plaintiff,                     COMPLAINT
10                                            1. **NEGLIGENCE**
       v.                                     2. **INTENTIONAL INFLICTION OF**
11                                               **EMOTIONAL DISTRESS**
   AMAZON.COM SERVICES LLC;                   3. **NEGLIGENT HIRING, SUPERVISION,**
12 AMAZON.COM, INC.;                             **AND RETENTION**
   DOES 1-10                                  4. **BREACH OF IMPLIED WARRANTY**
13                                            5. **VIOLATION OF CALIFORNIA**
             Defendants.                         **BUSINESS AND PROFESSIONS CODE**
14                                               **§17200 (UNFAIR BUSINESS PRACTICES)**
                                              6. **FAILURE TO ACCOMMODATE UNDER**
15                                               **THE AMERICANS WITH DISABILITIES**
                                                 **ACT AND THE CALIFORNIA FAIR**
16                                               **EMPLOYMENT AND HOUSING ACT**
                                              7. **VIOLATION OF CALIFORNIA CIVIL**
17                                               **CODE SECTION 51.9**
                                              8. **VIOLATION OF THE UNRUH CIVIL**
                                                 **RIGHTS ACT (CALIFORNIA CIVIL**
                                                 **CODE SECTION 51)**

18  **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

19  Plaintiff JOSEPHINE VILLASENOR hereby sues Defendants.

20

21

                                      1

## PARTIES

1.  At all times herein, Plaintiff JOSEPHINE VILLASENOR was and is a resident of the City of Long Beach, County of Los Angeles, State of California.

2.  At all relevant times, Defendant Amazon.com Services LLC (hereinafter "Amazon") is a corporation duly organized and existing under the laws of the State of California, engaged in the business of selling and delivering goods to consumers.

3.  At all relevant times, Defendant Amazon.com, Inc. (hereinafter "Amazon") is a corporation duly organized and existing under the laws of the State of California, engaged in the business of selling and delivering goods to consumers.

4.  Plaintiff is informed and believes and upon such information and belief, alleges that Defendants, DOES 1-10, are and at all relevant times were, residents of the County of Los Angeles, State of California.

5.  Plaintiff is unaware of the true names and capacities of the DOE Defendants named herein as DOES 1-10, and therefore sues those defendants by such fictitious names. Plaintiff will seek leave to amend this Complaint to allege their true and accurate names and capacities when ascertained. Plaintiff is informed and believes and upon such information and belief, alleges that each of the fictitiously named Defendants is responsible for the acts and/or omissions herein alleged, and that Plaintiff's injuries and damages as herein alleged were proximately caused by the acts and/or omissions of such fictitiously named Defendants.

## JURISDICTION

6.  The events giving rise to this complaint occurred in the City of Long Beach, County of Los Angeles, making Los Angeles County Superior Court the proper jurisdiction for this matter.

## GENERAL ALLEGATIONS

7.  On or about Saturday, August 24, 2024, Plaintiff, who has limited mobility due to a prior stroke, was working from her home office in Long Beach, California. She had previously ordered several items from Amazon, including clothing, event supplies, and other miscellaneous goods.

2

COMPLAINT JOSEPHINE VILLASENOR

8.    At approximately 3:15 p.m., Plaintiff noticed several Amazon packages on her front porch. When she inspected them, she observed that one of the boxes appeared soaked at the bottom and was emitting an unusual odor.

9.    Upon bringing the packages inside and opening them, Plaintiff discovered that some contents, including a t-shirt, were damp and had a yellowish, sticky texture with a slimy feel. Upon further inspection, she realized the wetness appeared to be urine, causing her significant distress.

10.    Plaintiff, disturbed and anxious about the situation, immediately washed her hands and contacted Amazon customer service. She was met with dismissive and rude behavior from Amazon representatives, who implied that she might have caused the contamination herself.

11.    Plaintiff provided photographic evidence to substantiate her claim, after which Amazon representatives began to treat the matter more seriously. Despite the seriousness of the issue, Amazon instructed her to dispose of the items, considering them biohazardous, and offered only a reimbursement for the cost of the goods. No compensation was provided for the distress caused.

12.    Due to her mobility limitations, Plaintiff cannot easily access alternative delivery options, and the incident has left her with a lasting fear of Amazon deliveries. To avoid future contamination, she now drives to an Amazon locker for pickup-a significant inconvenience given her disability and limited mobility.

13.    Plaintiff regularly relied on Amazon to provide supplies for her party store balloon business, which utilized certain products delivered through Defendants' services. Following this incident, Plaintiff has been forced to procure her own supplies by driving to physical stores, an additional burden given her physical limitations. This shift has been necessitated by the trauma caused by the event and Plaintiff's resulting fear of receiving deliveries. Plaintiff is particularly distressed by the prospect of male delivery drivers, as the incident involved an act of intimidation through the misuse of male anatomy, which left Plaintiff feeling powerless and vulnerable.

14.    Plaintiff has repeatedly requested information regarding any disciplinary actions taken against the delivery driver involved in the incident. Amazon has failed to provide any updates or disclose any information about the driver, nor have they issued an apology for the incident.

3

**COMPLAINT JOSEPHINE VILLASENOR**

15.     As a result of Amazon's mishandling of the situation, Plaintiff has suffered significant emotional distress, including anxiety, fear, and a loss of trust in Amazon's services. The experience has also aggravated her physical limitations, as her new delivery arrangement imposes added strain on her limited mobility.

**FIRST CAUSE OF ACTION**
**NEGLIGENCE**
**(Against All Defendants)**

16.     Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

17.     At all relevant times, Defendant Amazon, as a provider of delivery services, had a duty of care to ensure that its deliveries were conducted in a safe, reasonable, and sanitary manner for the well-being of its customers, including Plaintiff.

18.     Defendant Amazon is responsible for the negligent acts of its employee urinating on a customer's package. This act amounts to at least negligence.

19.     Defendant Amazon breached this duty when its employee delivered a package contaminated with urine to Plaintiff's residence. This failure to ensure the safety and cleanliness of the delivery constituted negligence.

20.     Defendant Amazon knew or should have known that proper procedures were necessary to prevent contamination of deliveries and failed to take reasonable steps to train and supervise staff to assure something like this would not happen. Its failure in of itself amounts to negligence.

21.     As a direct and proximate result of Defendant Amazon's negligence, Plaintiff has suffered and continues to suffer emotional distress, inconvenience, and physical discomfort.

22.     As a direct and proximate result of Defendant Amazon's negligence, Plaintiff incurred significant financial costs. These include expenses related to replacing the contaminated items, which were critical for her event business, and travel to various locations, including Glendale, Los Angeles, El Monte, and Cerritos, to find suitable replacements. Plaintiff also paid more for replacement supplies than she would have through her original order, compounding her financial losses. These economic damages were further exacerbated by the time-sensitive nature of her business needs.

23. By reason of the aforementioned facts, Defendant Amazon's negligent conduct has caused Plaintiff to experience significant emotional and mental anguish.

24. Defendant Amazon's conduct was not only negligent but also reckless and malicious. By failing to take immediate corrective action against the delivery driver despite photographic evidence of the misconduct, Defendant Amazon displayed a willful disregard for Plaintiff's rights and safety. Defendant Amazon's repeated refusal to disclose any disciplinary measures against the driver further illustrates its indifference to the harm suffered by Plaintiff. Punitive damages are necessary to punish Defendant Amazon for its egregious conduct and to deter similar behavior in the future.

25. Plaintiffs seek all damages allowed by law and proximately caused by Defendant Amazon pursuant to or allowed by CCP § 3294. The above-described conduct was oppressive, fraudulent, and malicious, justifying punitive damages.

## SECOND CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Against All Defendants)

26. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

27. The above conduct by Defendant Amazon's employee was outrageous and extreme.

28. At all relevant times, Defendant Amazon and its employees had a duty not to engage in conduct that was outrageous, extreme, or beyond the bounds of decency when interacting with customers, including Plaintiff.

29. Defendant Amazon breached this duty when it delivered a contaminated package to Plaintiff's residence and subsequently mishandled Plaintiff's complaints, thereby engaging in conduct that was outrageous and reckless.

COMPLAINT JOSEPHINE VILLASENOR

30.    Defendant Amazon, through its employee, either intended to cause emotional distress or acted with reckless disregard for the high probability that this conduct would cause severe emotional distress to Plaintiff through its actions.

31.    As a direct and proximate result of Defendant Amazon's outrageous and extreme conduct, Plaintiff has suffered severe and ongoing emotional distress. The incident has triggered panic attacks, symptoms of post-traumatic stress disorder (PTSD), and an overwhelming fear of encountering delivery drivers, particularly those associated with Defendant Amazon. Plaintiff now experiences physical manifestations of this distress, including shaking, crying, and nausea, whenever she sees an Amazon delivery truck. This emotional toll has significantly disrupted Plaintiff's sense of safety in her home and her ability to function in her daily life.

32.    The incident represented a gendered power dynamic in which Defendant Amazon's male delivery driver used his anatomy to intimidate and degrade Plaintiff in a manner uniquely tied to his gender. The act of urinating on Plaintiff's package and delivering it to her residence constituted a form of harassment that Plaintiff, as a woman, could not reciprocate or defend against, leaving her feeling profoundly powerless. This act has exacerbated Plaintiff's trauma and sense of vulnerability, particularly as it occurred in the perceived safety of her home.

33.    Plaintiffs seek all damages allowed by law and proximately caused by Defendant Amazon pursuant to or allowed by CCP § 3294. The above-described conduct was oppressive, fraudulent, and malicious, justifying punitive damages.

## THIRD CAUSE OF ACTION
## NEGLIGENT HIRING, SUPERVISION, AND RETENTION
### (Against All Defendants)

34.    Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

35.    At all relevant times, Defendant Amazon had a duty to exercise reasonable care in hiring, supervising, and retaining its employees, including the delivery driver responsible for the contaminated package.

COMPLAINT JOSEPHINE VILLASENOR

36.     Defendant Amazon breached this duty by negligently hiring, retaining, and failing to adequately train and supervise this individual, thereby contributing to the incident involving the contaminated package.

37.     As a direct and proximate result of Defendant Amazon's negligent hiring, supervision, and retention practices, Plaintiff suffered damages, including emotional distress and inconvenience.

## FOURTH CAUSE OF ACTION
## BREACH OF IMPLIED WARRANTY
### (Against All Defendants)

38.     Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

39.     Defendant Amazon is bound by California Commercial Code Section 2314, which imposes an implied warranty that the product is fit for its intended purpose and is not contaminated.

40.     By delivering goods contaminated with urine, Defendant Amazon breached this implied warranty and the general warranty of merchantability.

41.     As a direct and proximate result of Defendant Amazon's breach of the implied warranty, Plaintiff suffered damages, as the contaminated goods were unfit for use and failed to meet reasonable expectations.

42.     As a direct result, Plaintiff suffered harm and emotional distress for which she seeks reimbursement.

43.     Plaintiff seeks all damages allowed by law.

## FIFTH CAUSE OF ACTION
## VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE §17200
### (Against All Defendants)

44.     Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

COMPLAINT JOSEPHINE VILLASENOR

45. Defendant Amazon's failure to prevent the contamination of deliveries and its subsequent mishandling of Plaintiff's complaint constitute unfair and deceptive business practices under California Business and Professions Code §17200 and as a result, Plaintiff was emotionally harmed.

46. Said conduct violates public policy as these actions were likely to mislead the public and cause harm, which it did in this case. Also, the above conduct constitutes a violation of principles of unfair competition on the part of Defendant Amazon.

47. As a direct and proximate result of these unfair business practices, Plaintiff suffered economic and non-economic damages.

48. Plaintiff seeks all damages allowed by law including injunctive and equitable relief so Plaintiff can be supported in an alternative and safe way to receive goods as a disabled person.

## SIXTH CAUSE OF ACTION
## FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS
### (Against All Defendants)

49. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

50. Defendant Amazon failed to provide reasonable accommodations to Plaintiff, a disabled individual, when addressing the contamination incident and its aftermath. Plaintiff's physical limitations, including her use of a cane and her susceptibility to pain and exhaustion from prolonged walking, were exacerbated by Defendant's refusal to deliver packages in a safe and sanitary manner. Defendant's failure to offer or facilitate accessible alternative delivery arrangements caused Plaintiff additional emotional and physical strain, violating the Americans with Disabilities Act and California Fair Employment and Housing Act. Plaintiff seeks equitable relief and damages for the undue burden this failure imposed on her.

51. Defendant Amazon's failure to provide clean and safe deliveries, as well as its failure to offer a reasonable alternative following the contamination incident, violated the Americans with Disabilities Act and the California Fair Employment and Housing Act and is actionable specifically under California Civil Code Section 51, et seq.

52.     As a direct and proximate result of Defendant Amazon's failure to provide reasonable accommodations, Plaintiff has suffered emotional distress, loss of trust in Defendant Amazon's services, and increased difficulty receiving necessary deliveries.

53.     Plaintiff seeks all damages allowed by law including attorney's fees.

54.     Plaintiffs seek all damages allowed by law and proximately caused by Defendant Amazon pursuant to or allowed by CCP § 51 and CCP § 3294. The above-described conduct was oppressive, fraudulent, and malicious, justifying punitive damages.

## SEVENTH CAUSE OF ACTION
## VIOLATION OF CALIFORNIA CIVIL CODE SECTION 51.9
### (Against All Defendants)

55.     Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

56.     At all relevant times, Plaintiff was entitled to the right to be free from sexual harassment in a business, service, or professional relationship pursuant to California Civil Code Section 51.9. This statute prohibits sexual harassment in situations where there is a business or service relationship, and the conduct creates an intimidating, hostile, or offensive environment. Defendants had a statutory duty to refrain from engaging in or permitting such unlawful conduct.

57.     On or about August 24, 2024, Plaintiff, a customer of Defendants, received a package at her residence that was delivered by Defendants' employee and contaminated with what appeared to be human urine. The package's condition, combined with subsequent dismissive, inappropriate, and offensive conduct by Defendants' customer service representatives, created an environment that was hostile and degrading to Plaintiff.

58.     Plaintiff regularly uses Amazon's services for her business purposes, including purchasing supplies necessary to operate and fulfill her business needs. Defendants' failure to ensure the safety and integrity of their deliveries interfered with Plaintiff's ability to rely on Amazon as a key supplier for her business.

59.     Upon contacting Defendants to address the issue, Plaintiff was subjected to conduct that included, but was not limited to, dismissive and mocking responses by customer service representatives,

offensive insinuations that Plaintiff caused the contamination herself, and a refusal to provide meaningful corrective action or an apology, perpetuating a sense of indignity and vulnerability. Plaintiff reasonably interpreted the employee's delivery of a contaminated package, combined with Defendants' subsequent handling of the situation, as conduct motivated by disregard for her dignity and reflective of pervasive disrespect. This created an environment that was intimidating, hostile, and offensive.

60.     The delivery driver's act of urinating on the package constituted a gender-specific form of harassment that exploited the inherent power dynamic between male and female anatomy. By misusing his anatomy in a way that Plaintiff could not, the driver's conduct was uniquely intimidating and degrading, leaving Plaintiff feeling both powerless and violated. This act, coupled with Defendants' dismissive and inadequate response, perpetuated an environment of hostility and fear for Plaintiff, particularly as a female customer.

61.     Defendants had a business and service relationship with Plaintiff as a consumer of their delivery services, falling within the scope of California Civil Code Section 51.9. The conduct described herein was unwelcome, pervasive, and offensive. A reasonable person in Plaintiff's position would find the conduct intimidating and hostile. Defendants knew or should have known about the harassing conduct but failed to take any corrective action to address it.

62.     As a direct and proximate result of Defendants' actions and omissions, Plaintiff has suffered severe emotional distress, mental anguish, and inconvenience. Additionally, Plaintiff has incurred economic damages due to the alteration of her reliance on Defendants' delivery services for her business needs. Plaintiff continues to experience fear and distress when interacting with Defendants or their services.

63.     Defendants' actions were intentional, oppressive, fraudulent, and malicious, justifying the imposition of punitive damages under California Civil Code Section 3294 to deter similar conduct in the future.

64.     Plaintiff seeks all damages allowed by law, including general, special, and punitive damages, equitable relief, attorney's fees, and any further relief this Court deems just and proper.

COMPLAINT JOSEPHINE VILLASENOR

# EIGHTH CAUSE OF ACTION
## VIOLATION OF THE UNRUH CIVIL RIGHTS ACT (CALIFORNIA CIVIL CODE SECTION 51)
**(Against All Defendants)**

65.     Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

66.     The Unruh Civil Rights Act guarantees that all persons within the jurisdiction of the State of California are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments, including those provided by Defendants. Under California Civil Code Section 51, Defendants are prohibited from discriminating against individuals based on disability or any arbitrary classification.

67.     At all relevant times, Plaintiff was entitled to equal access and treatment as a consumer of Defendants' services, regardless of her disability. Plaintiff's limited mobility and reliance on Defendants for delivery services, exacerbated by her physical limitations, placed her in a position of vulnerability, requiring Defendants to ensure that their services accommodated her disability and did not subject her to discriminatory practices.

68.     Defendants violated the Unruh Civil Rights Act by failing to ensure that their delivery services met the standards of safety, hygiene, and accessibility reasonably expected by all customers, particularly those with disabilities. Specifically, by delivering a package contaminated with urine, mishandling Plaintiff's subsequent complaints, and refusing to provide a reasonable accommodation or apology, Defendants treated Plaintiff in a manner that was unequal and discriminatory.

69.     Defendants' actions effectively denied Plaintiff full and equal access to their services, as the delivery incident and Defendants' inadequate response created a hostile and unsafe environment for Plaintiff as a customer. Defendants' failure to take meaningful corrective action further demonstrated their disregard for Plaintiff's rights under the Unruh Civil Rights Act.

70.     As a direct and proximate result of Defendants' discriminatory conduct, Plaintiff suffered severe emotional distress, anxiety, and inconvenience. Plaintiff also incurred additional expenses and physical strain as a result of having to alter her reliance on Defendants' delivery services to avoid further incidents.

71.    Defendants' actions were intentional, oppressive, fraudulent, and malicious, justifying the imposition of punitive damages under California Civil Code Section 3294 to deter similar conduct in the future.

## **PRAYER**

Wherefore, Plaintiff prays for judgment against Defendants as follows:

1.   For general damages according to proof at trial;

2.   For special damages according to proof at trial, including medical expenses and compensation for Plaintiff's emotional distress;

3.   Punitive damages to punish and deter future conduct;

4.   Attorney's fees and costs provided by law;

5.   For such other and further relief as this Court deems just and proper.


DATED: January 14, 2025                          MURRIN LAW FIRM

J. Owen Murrin, Attorney for
JOSEPHINE VILLASENOR

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
AMAZON.COM SERVICES LLC; AMAZON.COM, INC.; Does 1-10

**Electronically FILED by
Superior Court of California,
County of Los Angeles
1/17/2025 9:57 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By A. Miranda, Deputy Clerk**

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JOSEPHINE VILLASENOR

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* George Devkmejian Courthouse 275 Magnolia, Long Beach, CA 90802 | **CASE NUMBER:** *(Número del Caso):* **25LBCV00108** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
J. Owen Murrin; 7040 E. Los Santos Drive, Long Beach, CA 90815; 562-342-3011

| | | |
|---|---|---|
| DATE: *(Fecha)* 01/17/2025 | Clerk, by David W. Slayton, Executive Officer/Clerk of Court *(Secretario)* A. Miranda | , Deputy *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [ ] on behalf of *(specify):*

   under: [ ] CCP 416.10 (corporation)     [ ] CCP 416.60 (minor)
   [ ] CCP 416.20 (defunct corporation)     [ ] CCP 416.70 (conservatee)
   [ ] CCP 416.40 (association or partnership)     [ ] CCP 416.90 (authorized person)
   [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| J. Owen Murrin SBN 75329<br>Murrin Law Firm; 7040 E. Los Santos Drive, Long Beach, CA 90815<br><br>TELEPHONE NO.: 562-342-3011       FAX NO.: 562-724-7007<br>EMAIL ADDRESS: jmmurrin@murrinlawfirm.com<br>ATTORNEY FOR (Name): Josephine Villasenor | **Electronically FILED by**<br>**Superior Court of California,**<br>**County of Los Angeles**<br>1/17/2025 9:57 AM<br>David W. Slayton,<br>**Executive Officer/Clerk of Court,**<br>**By A. Miranda, Deputy Clerk** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 275 Magnolia
MAILING ADDRESS: 275 Magnolia
CITY AND ZIP CODE: Long Beach 90802
BRANCH NAME: George Deukmejian Courthouse

CASE NAME:
Villasenor v. Amazon, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited     [ ] Limited<br>(Amount         (Amount<br>demanded       demanded is<br>exceeds $35,000)  $35,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 25LBCV00108 |
| | | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [X] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition *(not specified above)* (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties     d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel     e. [ ] Coordination with related actions pending in one or more
       issues that will be time-consuming to resolve          courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence     f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [X] punitive
4. Number of causes of action *(specify)*: 8
5. This case [ ] is  [X] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: January 14, 2025
J. Owen Murrin

_____       _____
(TYPE OR PRINT NAME)                           (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. January 1, 2024] | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courts.ca.gov |

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases, only parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the
case involves an uninsured
motorist claim subject to
arbitration, check this item
instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or
toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) *(not civil
harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer
or wrongful eviction)*
Contract/Warranty Breach–Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally
complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent
domain, landlord/tenant, or
foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
drugs, check this item; otherwise,
report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner
Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex
case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic
relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-
harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

| SHORT TITLE | CASE NUMBER |
|---|---|
| Villasenor v. Amazon, et.al. | 25LBCV00108 |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) | |
|---|---|
| 1. Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. Location where petitioner resides. |
| 2. Permissive filing in Central District. | 8. Location wherein defendant/respondent functions wholly. |
| 3. Location where cause of action arose. | 9. Location where one or more of the parties reside. |
| 4. Location where bodily injury, death or damage occurred. | 10. Location of Labor Commissioner Office. |
| 5. Location where performance required, or defendant resides. | 11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6. Location of property or permanently garaged vehicle. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| **Other Personal Injury/ Property Damage/ Wrongful Death** | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct -- Sexual Abuse Case (in any form) | 1, 4 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Villasenor v. Amazon, et al. | 25LBCV00108 |

|  |  | A<br>Civil Case Cover<br>Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable<br>Reasons (see<br>Step 3 above) |
|---|---|---|---|---|
| Other Personal Injury/ Property Damage/ Wrongful Death | | | ☐ 2307 Construction Accidents | 1, 4 |
| | | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| | | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| Non-Personal Injury/Property Damage/Wrongful Death Tort | | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | | Civil Rights (08) | ☑ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| Employment | | Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| | | Other Employment (15) | ☐ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | | ☐ 1502 Labor Commissioner Appeals | 10 |
| Contract | | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

LASC CIV 109 Rev. 01/23
For Mandatory Use

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

LASC Local Rule 2.3

| SHORT TITLE | CASE NUMBER |
|---|---|
| Villasenor v. Amazon, et al. | 25LBCV00108 |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Contract (Continued)** | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br>      Number of Parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

| SHORT TITLE | CASE NUMBER |
|---|---|
| Villasenor v. Amazon, et al. | 25LBCV00108 |

|  | A<br>Civil Case Cover<br>Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable<br>Reasons (see<br>Step 3 above) |
|---|---|---|---|
| **Provisionally Complex Litigation (Continued)** | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
|  | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
|  | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
|  | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
|  | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
|  |  | ☐ 2002 Abstract of Judgment | 2, 6 |
|  |  | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
|  |  | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
|  |  | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
|  | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
|  |  | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
|  |  | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
|  |  | ☐ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
|  | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
|  |  | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
|  |  | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
|  |  | ☐ 4304 Election Contest | 2 |
|  |  | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
|  |  | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
|  |  | ☐ 4307 Other Civil Petition | 2, 9 |

LASC CIV 109 Rev. 01/23          CIVIL CASE COVER SHEET ADDENDUM          LASC Local Rule 2.3
For Mandatory Use                    AND STATEMENT OF LOCATION

| SHORT TITLE | CASE NUMBER |
|---|---|
| Villasenor v. Amazon, et al. | 25LBCV00108 |

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON: ☐ 1. ☐ 2. ☐ 3. ☐ 4. ☒ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11 | ADDRESS: 1744 Gaviota Ave., Unit D, Long Beach, CA 90813 |
|---|---|

| CITY: Long Beach | STATE: CA | ZIP CODE: 90813 | |
|---|---|---|---|

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the ___South___ District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: 01/15/2025 _____          _____
                                                                                  (SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (01/23).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

LASC CIV 109 Rev: 01/23          **CIVIL CASE COVER SHEET ADDENDUM**          LASC Local Rule 2.3
For Mandatory Use                         **AND STATEMENT OF LOCATION**

 **Superior Court of California, County of Los Angeles**

---

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

### What is ADR?
ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or decision by a judge or jury.

### Main Types of ADR
1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

**How to Arrange Mediation in Los Angeles County**

Mediation for **civil cases** is voluntary and parties may select any mediator they wish.  Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

   - **ADR Services, Inc.** Assistant Case Manager Janet Solis, janet@adrservices.com (213) 683-1600
   - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

   **These organizations cannot accept every case and they may decline cases at their discretion.** They may offer online mediation by video conference for cases they accept.  Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

   **NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate, or small claims cases.**

b. **Los Angeles County Dispute Resolution Programs.**  Los Angeles County-funded agencies provide mediation services on the day of hearings in small claims, unlawful detainer (eviction), civil harassment, and limited civil (collections and non-collection) cases.
   https://dcba.lacounty.gov/countywidedrp/

   **Online Dispute Resolution (ODR).**  Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.  https://my.lacourt.org/odr/

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration:**  Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome.  In "binding" arbitration, the arbitrator's decision is final; there is no right to trial.  In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision.  For more information about arbitration, visit
   https://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):**  MSCs are ordered by the Court and are often held close to the trial date or on the day of trial.  The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.  For information about the Court's MSC programs for civil cases, visit https://www.lacourt.org/division/civil/CI0047.aspx

Los Angeles Superior Court ADR website:  https://www.lacourt.org/division/civil/CI0109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

CIV-050

**- DO NOT FILE WITH THE COURT-**
**-UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585 -**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address)*:<br>J. Owen Murrin (75329)<br>Murrin Law Firm<br>7040 E. Los Santos Drive<br>Long Beach, California 90815<br>ATTORNEY FOR *(name)*:  Plaintiff Josephine Villasenor | TELEPHONE NO.:<br>562-342-3011 | FOR COURT USE ONLY |
|---|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  LOS ANGELES
STREET ADDRESS: 275 Magnolia Ave.
MAILING ADDRESS: 275 Magnolia Ave.
CITY AND ZIP CODE: Long Beach, CA 90802
BRANCH NAME: Gov. George Deukmejian Courthouse

PLAINTIFF:  Josephine Villasenor
DEFENDANT:  Amazon.com Services, LLC, et al.

| STATEMENT OF DAMAGES<br>(Personal Injury or Wrongful Death) | CASE NUMBER:<br>25LBCV00108 |
|---|---|

To *(name of one defendant only)*: Amazon.com, Inc.
Plaintiff *(name of one plaintiff only)*: Josephine Villasenor
seeks damages in the above-entitled action, as follows:

AMOUNT

**1. General damages**
a. ☑ Pain, suffering, and inconvenience ................................................ $ 50,000,000
b. ☑ Emotional distress. .................................................................... $ 50,000,000
c. ☐ Loss of consortium ................................................................... $
d. ☐ Loss of sociey and companionship *(wrongful death actions only)* ............ $
e. ☐ Other *(specify)* .......................................................................... $
f. ☐ Other *(specify)* .......................................................................... $
g. ☐ Continued on Attachment 1.g.

**2. Special damages**
a. ☑ Medical expenses *(to date)* ...................................................... $ 50,000,000
b. ☑ Future medical expenses *(present value)* ................................... $ 50,000,000
c. ☑ Loss of earnings *(to date)* ....................................................... $ 50,000,000
d. ☑ Loss of future earning capacity *(present value)* ......................... $ 50,000,000
e. ☐ Property damage ...................................................................... $
f. ☐ Funeral expenses *(wrongful death actions only)* ........................... $
g. ☐ Future contributions *(present value) (wrongful death actions only)* ...... $
h. ☐ Value of personal service, advice, or training *(wrongful death actions only)* ... $
i. ☑ Other *(specify)*   Attorney fees and costs .................................. $ 50,000,000
j. ☑ Other *(specify)*   Statutory fees ............................................... $ 50,000,000
k. ☐ Continued on Attachment 2.k.

**3.** ☑ **Punitive damages:** Plaintiff reserves the right to seek punitive damages in the amount of *(specify)*.. $ 50,000,000
when pursuing a judgment in the suit filed against you.

Date:  1/20/2025

J. Owen Murrin
(TYPE OR PRINT NAME)

▶            *J. Owen Murrin*
(SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

(Proof of service on reverse)

Page 1 of 2

**STATEMENT OF DAMAGES**
**(Personal Injury or Wrongful Death)**

CIV-050

| PLAINTIFF: Josephine Villasenor | CASE NUMBER: |
|---|---|
| DEFENDANT: Amazon.com Services, LLC, et al. | 25LBCV00108 |

## PROOF OF SERVICE

*(After having the other party served as described below, with any of the documents identified in item 1, have the person who served the documents complete this Proof of Service. Plaintiff cannot serve these papers.)*

1. I served the
   a. ☐ Statement of Damages  ☐ Other *(specify):*
   b. on *(name):*
   c. by serving ☐ defendant  ☐ other *(name and title or relationship to person served):*

   d. ☑ by delivery  ☐ at home  ☐ at business
      (1) date:
      (2) time:
      (3) address:

   e. ☐ by mailing
      (1) date:
      (2) place:

2. Manner of service *(check proper box):*
   a. ☐ **Personal service.** By personally delivering copies. (CCP § 415.10)
   b. ☐ **Substituted service on corporation, unincorporated association (including partnership), or public entity.** By leaving, during usual office hours, copies in the office of the person served with the person who apparently was in charge and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left. (CCP § 415.20(a))
   c. ☐ **Substituted service on natural person, minor, conservate, or candidate.** By leaving copies at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household or a person apparently in charge of the office or place of business, at least 18 years of age, who was informed of the general nature of the papers, and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left. (CCP § 415.20(b)) **(Attach separate declaration or affidavit stating acts relied on to establish reasonable diligence in first attempting personal service.)**

   d. ☐ **Mail and acknowledgment service.** By mailing (by first- class mail or airmail, postage prepaid) copies to the person served, together with two copies of the form of notice and acknowledgment and a return envelope, postage prepaid, addressed to the sender. (CCP § 415.30) **(Attach completed acknowledgment of receipt.)**

   e. ☐ **Certified or registered mail service.** By mailing to an address outside California (by first-class mail, postage prepaid, requiring a return receipt) copies to the person served. (CCP § 415.40) **(Attach signed return receipt or other evidence of actual delivery to the person served.)**

   f. ☐ Other *(specify code section):*
      ☐ additional page is attached.

3. At the time of service I was at least 18 years of age and not a party to this action.
4. Fee for service: $
5. Person serving:
   a. ☐ California sheriff, marshal, or constable
   b. ☐ Registered California process server
   c. ☐ Employee or independent contractor of a registered California process server
   d. ☐ Not a registered California process server
   e. ☐ Exempt from registration under Bus. & Prof. Code § 22350(b)

   f. Name, address and telephone number and, if applicable, county of registration and number:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

*(For California sheriff, marshal, or constable use only)*
I certify that the foregoing is true and correct.

Date:                                                   Date:

▶ _____                  ▶ _____
   (SIGNATURE)                                       (SIGNATURE)

**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

Governor George Deukmejian Courthouse

275 Magnolia Ave, Long Beach, CA 90802

**NOTICE OF CASE ASSIGNMENT**

**UNLIMITED CIVIL CASE**

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

**01/17/2025**

David W. Slayton, Executive Officer / Clerk of Court

By: _____ A. Miranda _____ Deputy

**Your case is assigned for all purposes to the judicial officer indicated below.**

CASE NUMBER:

25LBCV00108

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✔ | Nicole M. Heeseman | S25 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 01/17/2025
  (Date)

David W. Slayton, Executive Officer / Clerk of Court

By A. Miranda _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**



**null / ALL**
**Transmittal Number: 30652166**
**Date Processed: 01/22/2025**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Ms. Lynn Radliff<br>Amazon.Com, Inc.<br>440 Terry Ave N<br>Seattle, WA 98109-5210 |
| **Electronic copy provided to:** | Kimberly Thomas<br>Theresa Nixon<br>Vivian Ching<br>Lacy O'Block<br>Lizette Fernandez<br>Lynn Foley-Jefferson<br>Maria Catana<br>Stephanie Habben<br>Karen Curtis |

| | |
|---|---|
| **Entity:** | Amazon.com Services LLC<br>Entity ID Number  2102616 |
| **Entity Served:** | Amazon.com Services, LLC |
| **Title of Action:** | Josephine Villasenor vs. Amazon.com Services LLC |
| **Matter Name/ID:** | Josephine Villasenor vs. Amazon.com Services LLC (16785372) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Discrimination |
| **Court/Agency:** | Los Angeles County Superior Court, CA |
| **Case/Reference No:** | 25LBCV00108 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 01/21/2025 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Murrin Law Firm<br>562-342-3011 |
| **Client Requested Information:** | Amazon Case Type: Employment Litigation |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

 **Proof**
Serve Documents

**Amazon.com Services, LLC**

Primary Address

2710 Gateway Oaks Drive, Sacramento, CA 95833

**Serve By**
4 attempts by January 30th

**Speed**
Standard

## Servee Information

| | |
|---|---|
| Type | Entity |
| Name | Amazon.com Services, LLC |
| Registered Agent | Becky Degeorge |
| Primary Address | Residential - 2710 Gateway Oaks Drive, Sacramento, CA 95833 |
| Physical Description | None |
| Additional Notes | None |

## Job Information

| | |
|---|---|
| Job Number: | 829889 |
| Matter Number/Name | Villasenor |
| Witness Fee | None |
| Subpoena | No |
| Related to an Eviction | No |
| Linked Job(s)? | No |

## Documents List

1. Complaint
2. Statement of Damages - Amazon.com
3. Summons
4. Civil Case Cover Sheet
5. ADR Packet
6. Notice of Case Assignment - Unlimited

## Client Specifications

None                                        None

**Proof**

Proof
Serve Documents

**Amazon.com Services, LLC**

Primary Address

2710 Gateway Oaks Drive, Sacramento, CA 95833

## Attempt Log

| Date | Description |
|------|-------------|
|      |             |
|      |             |
|      |             |
|      |             |

## California Serve Rules

**Notary**
Not Required

**Civil Subpoenas must be personally served (no sub service)**

**Can serve on Sundays**

**BUSINESS ENTITIES (INC., LLC, ETC.)**
+ Registered agent + President, Vice President, CEO, or other head of the corporation, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general manager. (If a bank, to a cashier or assistant cashier) + If none of the persons above are available at the time of attempted service, leaving the documents with the person apparently in charge of the office or the mailing address of one of the persons above and mailing a copy of the summons and complaint to this person at the address where the documents are left.

**PUBLIC ENTITY (STATE, COUNTY, CITY, ETC.)**
+ Clerk, secretary, president, presiding officer, or other head of its governing body. + If none of the above available, handing to person apparently in charge of the office and mailing a copy of the summons and complaint to one of the individuals in bullet above

**MINOR OR INCOMPETENT PERSON**
+ Parent, guardian or conservator - if no such person can be found, any person having the care or control of such minor at their house or work + COPY to the minor/individual if they are 12+

**POSTING(EVICTIONS)**
+ Mail copies must be followed after posting - Must include affidavit showing the time and place of posting + Must mail to tenant, subtenant, and any occupants - Must include affidavit showing the time and place copies of the summons and of the complaint were mailed

**INDIVIDUAL**
+ Personal + Substituted (MUST HAVE ATTEMPTED TO PERSONALLY SERVE 3 TIMES PRIOR TO SUB SERVICE ON FOURTH ATTEMPT) + Dwelling/house/Usual place of abode - competent member of the household, 18+ - be informed of the contents thereof - Must also mail copy to the place where a copy of the summons and complaint were left + Usual place of business - person apparently in charge, 18+ - be informed of the contents thereof - Must also mail copy at the place where a copy of the summons and complaint were left + Usual mailing address - person apparently in charge, 18+ - be informed of the contents thereof - Must also mail copy at the place where a copy of the summons and complaint were left



J. Owen Murrin (SBN 75329)
Murrin Law Firm
7040 E. Los Santos Drive
Long Beach, California 90815
Phone: 562-342-3011
Fax: 562-724-7007
E-mail: jmurrin@murrinlawfirm.com
Attorney for JOSEPHINE VILLASENOR

Electronically FILED by
Superior Court of California,
County of Los Angeles
1/17/2025 9:57 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By A. Miranda, Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

JOSEPHINE VILLASENOR

    Plaintiff,

  v.

AMAZON.COM SERVICES LLC;
AMAZON.COM, INC.;
DOES 1-10

    Defendants.

**CASE NO.: 25LBCV00108**

**COMPLAINT**
1. **NEGLIGENCE**
2. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
3. **NEGLIGENT HIRING, SUPERVISION, AND RETENTION**
4. **BREACH OF IMPLIED WARRANTY**
5. **VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE §17200 (UNFAIR BUSINESS PRACTICES)**
6. **FAILURE TO ACCOMMODATE UNDER THE AMERICANS WITH DISABILITIES ACT AND THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT**
7. **VIOLATION OF CALIFORNIA CIVIL CODE SECTION 51.9**
8. **VIOLATION OF THE UNRUH CIVIL RIGHTS ACT (CALIFORNIA CIVIL CODE SECTION 51)**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Plaintiff JOSEPHINE VILLASENOR hereby sues Defendants.

1

**PARTIES**

1.   At all times herein, Plaintiff JOSEPHINE VILLASENOR was and is a resident of the City of Long Beach, County of Los Angeles, State of California.

2.   At all relevant times, Defendant Amazon.com Services LLC (hereinafter "Amazon") is a corporation duly organized and existing under the laws of the State of California, engaged in the business of selling and delivering goods to consumers.

3.   At all relevant times, Defendant Amazon.com, Inc. (hereinafter "Amazon") is a corporation duly organized and existing under the laws of the State of California, engaged in the business of selling and delivering goods to consumers.

4.   Plaintiff is informed and believes and upon such information and belief, alleges that Defendants, DOES 1-10, are and at all relevant times were, residents of the County of Los Angeles, State of California.

5.   Plaintiff is unaware of the true names and capacities of the DOE Defendants named herein as DOES 1-10, and therefore sues those defendants by such fictitious names. Plaintiff will seek leave to amend this Complaint to allege their true and accurate names and capacities when ascertained. Plaintiff is informed and believes and upon such information and belief, alleges that each of the fictitiously named Defendants is responsible for the acts and/or omissions herein alleged, and that Plaintiff's injuries and damages as herein alleged were proximately caused by the acts and/or omissions of such fictitiously named Defendants.

**JURISDICTION**

6.    The events giving rise to this complaint occurred in the City of Long Beach, County of Los Angeles, making Los Angeles County Superior Court the proper jurisdiction for this matter.

**GENERAL ALLEGATIONS**

7.    On or about Saturday, August 24, 2024, Plaintiff, who has limited mobility due to a prior stroke, was working from her home office in Long Beach, California. She had previously ordered several items from Amazon, including clothing, event supplies, and other miscellaneous goods.

2

COMPLAINT JOSEPHINE VILLASENOR

8. At approximately 3:15 p.m., Plaintiff noticed several Amazon packages on her front porch. When she inspected them, she observed that one of the boxes appeared soaked at the bottom and was emitting an unusual odor.

9. Upon bringing the packages inside and opening them, Plaintiff discovered that some contents, including a t-shirt, were damp and had a yellowish, sticky texture with a slimy feel. Upon further inspection, she realized the wetness appeared to be urine, causing her significant distress.

10. Plaintiff, disturbed and anxious about the situation, immediately washed her hands and contacted Amazon customer service. She was met with dismissive and rude behavior from Amazon representatives, who implied that she might have caused the contamination herself.

11. Plaintiff provided photographic evidence to substantiate her claim, after which Amazon representatives began to treat the matter more seriously. Despite the seriousness of the issue, Amazon instructed her to dispose of the items, considering them biohazardous, and offered only a reimbursement for the cost of the goods. No compensation was provided for the distress caused.

12. Due to her mobility limitations, Plaintiff cannot easily access alternative delivery options, and the incident has left her with a lasting fear of Amazon deliveries. To avoid future contamination, she now drives to an Amazon locker for pickup-a significant inconvenience given her disability and limited mobility.

13. Plaintiff regularly relied on Amazon to provide supplies for her party store balloon business, which utilized certain products delivered through Defendants' services. Following this incident, Plaintiff has been forced to procure her own supplies by driving to physical stores, an additional burden given her physical limitations. This shift has been necessitated by the trauma caused by the event and Plaintiff's resulting fear of receiving deliveries. Plaintiff is particularly distressed by the prospect of male delivery drivers, as the incident involved an act of intimidation through the misuse of male anatomy, which left Plaintiff feeling powerless and vulnerable.

14. Plaintiff has repeatedly requested information regarding any disciplinary actions taken against the delivery driver involved in the incident. Amazon has failed to provide any updates or disclose any information about the driver, nor have they issued an apology for the incident.

15. As a result of Amazon's mishandling of the situation, Plaintiff has suffered significant emotional distress, including anxiety, fear, and a loss of trust in Amazon's services. The experience has also aggravated her physical limitations, as her new delivery arrangement imposes added strain on her limited mobility.

## FIRST CAUSE OF ACTION
## NEGLIGENCE
### (Against All Defendants)

16. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

17. At all relevant times, Defendant Amazon, as a provider of delivery services, had a duty of care to ensure that its deliveries were conducted in a safe, reasonable, and sanitary manner for the well-being of its customers, including Plaintiff.

18. Defendant Amazon is responsible for the negligent acts of its employee urinating on a customer's package. This act amounts to at least negligence.

19. Defendant Amazon breached this duty when its employee delivered a package contaminated with urine to Plaintiff's residence. This failure to ensure the safety and cleanliness of the delivery constituted negligence.

20. Defendant Amazon knew or should have known that proper procedures were necessary to prevent contamination of deliveries and failed to take reasonable steps to train and supervise staff to assure something like this would not happen. Its failure in of itself amounts to negligence.

21. As a direct and proximate result of Defendant Amazon's negligence, Plaintiff has suffered and continues to suffer emotional distress, inconvenience, and physical discomfort.

22. As a direct and proximate result of Defendant Amazon's negligence, Plaintiff incurred significant financial costs. These include expenses related to replacing the contaminated items, which were critical for her event business, and travel to various locations, including Glendale, Los Angeles, El Monte, and Cerritos, to find suitable replacements. Plaintiff also paid more for replacement supplies than she would have through her original order, compounding her financial losses. These economic damages were further exacerbated by the time-sensitive nature of her business needs.

4

23.    By reason of the aforementioned facts, Defendant Amazon's negligent conduct has caused Plaintiff to experience significant emotional and mental anguish.

24.    Defendant Amazon's conduct was not only negligent but also reckless and malicious. By failing to take immediate corrective action against the delivery driver despite photographic evidence of the misconduct, Defendant Amazon displayed a willful disregard for Plaintiff's rights and safety. Defendant Amazon's repeated refusal to disclose any disciplinary measures against the driver further illustrates its indifference to the harm suffered by Plaintiff. Punitive damages are necessary to punish Defendant Amazon for its egregious conduct and to deter similar behavior in the future.

25.    Plaintiffs seek all damages allowed by law and proximately caused by Defendant Amazon pursuant to or allowed by CCP § 3294. The above-described conduct was oppressive, fraudulent, and malicious, justifying punitive damages.

## SECOND CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Against All Defendants)

26.    Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

27.    The above conduct by Defendant Amazon's employee was outrageous and extreme.

28.    At all relevant times, Defendant Amazon and its employees had a duty not to engage in conduct that was outrageous, extreme, or beyond the bounds of decency when interacting with customers, including Plaintiff.

29.    Defendant Amazon breached this duty when it delivered a contaminated package to Plaintiff's residence and subsequently mishandled Plaintiff's complaints, thereby engaging in conduct that was outrageous and reckless.

COMPLAINT JOSEPHINE VILLASENOR

30. Defendant Amazon, through its employee, either intended to cause emotional distress or acted with reckless disregard for the high probability that this conduct would cause severe emotional distress to Plaintiff through its actions.

31. As a direct and proximate result of Defendant Amazon's outrageous and extreme conduct, Plaintiff has suffered severe and ongoing emotional distress. The incident has triggered panic attacks, symptoms of post-traumatic stress disorder (PTSD), and an overwhelming fear of encountering delivery drivers, particularly those associated with Defendant Amazon. Plaintiff now experiences physical manifestations of this distress, including shaking, crying, and nausea, whenever she sees an Amazon delivery truck. This emotional toll has significantly disrupted Plaintiff's sense of safety in her home and her ability to function in her daily life.

32. The incident represented a gendered power dynamic in which Defendant Amazon's male delivery driver used his anatomy to intimidate and degrade Plaintiff in a manner uniquely tied to his gender. The act of urinating on Plaintiff's package and delivering it to her residence constituted a form of harassment that Plaintiff, as a woman, could not reciprocate or defend against, leaving her feeling profoundly powerless. This act has exacerbated Plaintiff's trauma and sense of vulnerability, particularly as it occurred in the perceived safety of her home.

33. Plaintiffs seek all damages allowed by law and proximately caused by Defendant Amazon pursuant to or allowed by CCP § 3294. The above-described conduct was oppressive, fraudulent, and malicious, justifying punitive damages.

### THIRD CAUSE OF ACTION
### NEGLIGENT HIRING, SUPERVISION, AND RETENTION
### (Against All Defendants)

34. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

35. At all relevant times, Defendant Amazon had a duty to exercise reasonable care in hiring, supervising, and retaining its employees, including the delivery driver responsible for the contaminated package.

COMPLAINT JOSEPHINE VILLASENOR

36.    Defendant Amazon breached this duty by negligently hiring, retaining, and failing to adequately train and supervise this individual, thereby contributing to the incident involving the contaminated package.

37.    As a direct and proximate result of Defendant Amazon's negligent hiring, supervision, and retention practices, Plaintiff suffered damages, including emotional distress and inconvenience.

## FOURTH CAUSE OF ACTION
## BREACH OF IMPLIED WARRANTY
### (Against All Defendants)

38.    Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

39.    Defendant Amazon is bound by California Commercial Code Section 2314, which imposes an implied warranty that the product is fit for its intended purpose and is not contaminated.

40.    By delivering goods contaminated with urine, Defendant Amazon breached this implied warranty and the general warranty of merchantability.

41.    As a direct and proximate result of Defendant Amazon's breach of the implied warranty, Plaintiff suffered damages, as the contaminated goods were unfit for use and failed to meet reasonable expectations.

42.    As a direct result, Plaintiff suffered harm and emotional distress for which she seeks reimbursement.

43.    Plaintiff seeks all damages allowed by law.

## FIFTH CAUSE OF ACTION
## VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE §17200
### (Against All Defendants)

44.    Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

COMPLAINT JOSEPHINE VILLASENOR

45.     Defendant Amazon's failure to prevent the contamination of deliveries and its subsequent mishandling of Plaintiff's complaint constitute unfair and deceptive business practices under California Business and Professions Code §17200 and as a result, Plaintiff was emotionally harmed.

46.     Said conduct violates public policy as these actions were likely to mislead the public and cause harm, which it did in this case. Also, the above conduct constitutes a violation of principles of unfair competition on the part of Defendant Amazon.

47.     As a direct and proximate result of these unfair business practices, Plaintiff suffered economic and non-economic damages.

48.     Plaintiff seeks all damages allowed by law including injunctive and equitable relief so Plaintiff can be supported in an alternative and safe way to receive goods as a disabled person.

**SIXTH CAUSE OF ACTION**
**FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS**
**(Against All Defendants)**

49.     Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

50.     Defendant Amazon failed to provide reasonable accommodations to Plaintiff, a disabled individual, when addressing the contamination incident and its aftermath. Plaintiff's physical limitations, including her use of a cane and her susceptibility to pain and exhaustion from prolonged walking, were exacerbated by Defendant's refusal to deliver packages in a safe and sanitary manner. Defendant's failure to offer or facilitate accessible alternative delivery arrangements caused Plaintiff additional emotional and physical strain, violating the Americans with Disabilities Act and California Fair Employment and Housing Act. Plaintiff seeks equitable relief and damages for the undue burden this failure imposed on her.

51.     Defendant Amazon's failure to provide clean and safe deliveries, as well as its failure to offer a reasonable alternative following the contamination incident, violated the Americans with Disabilities Act and the California Fair Employment and Housing Act and is actionable specifically under California Civil Code Section 51, et seq.

52.    As a direct and proximate result of Defendant Amazon's failure to provide reasonable accommodations, Plaintiff has suffered emotional distress, loss of trust in Defendant Amazon's services, and increased difficulty receiving necessary deliveries.

53.    Plaintiff seeks all damages allowed by law including attorney's fees.

54.    Plaintiffs seek all damages allowed by law and proximately caused by Defendant Amazon pursuant to or allowed by CCP § 51 and CCP § 3294. The above-described conduct was oppressive, fraudulent, and malicious, justifying punitive damages.

## SEVENTH CAUSE OF ACTION
## VIOLATION OF CALIFORNIA CIVIL CODE SECTION 51.9
### (Against All Defendants)

55.    Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

56.    At all relevant times, Plaintiff was entitled to the right to be free from sexual harassment in a business, service, or professional relationship pursuant to California Civil Code Section 51.9. This statute prohibits sexual harassment in situations where there is a business or service relationship, and the conduct creates an intimidating, hostile, or offensive environment. Defendants had a statutory duty to refrain from engaging in or permitting such unlawful conduct.

57.    On or about August 24, 2024, Plaintiff, a customer of Defendants, received a package at her residence that was delivered by Defendants' employee and contaminated with what appeared to be human urine. The package's condition, combined with subsequent dismissive, inappropriate, and offensive conduct by Defendants' customer service representatives, created an environment that was hostile and degrading to Plaintiff.

58.    Plaintiff regularly uses Amazon's services for her business purposes, including purchasing supplies necessary to operate and fulfill her business needs. Defendants' failure to ensure the safety and integrity of their deliveries interfered with Plaintiff's ability to rely on Amazon as a key supplier for her business.

59.    Upon contacting Defendants to address the issue, Plaintiff was subjected to conduct that included, but was not limited to, dismissive and mocking responses by customer service representatives,

9

offensive insinuations that Plaintiff caused the contamination herself, and a refusal to provide meaningful corrective action or an apology, perpetuating a sense of indignity and vulnerability. Plaintiff reasonably interpreted the employee's delivery of a contaminated package, combined with Defendants' subsequent handling of the situation, as conduct motivated by disregard for her dignity and reflective of pervasive disrespect. This created an environment that was intimidating, hostile, and offensive.

60.    The delivery driver's act of urinating on the package constituted a gender-specific form of harassment that exploited the inherent power dynamic between male and female anatomy. By misusing his anatomy in a way that Plaintiff could not, the driver's conduct was uniquely intimidating and degrading, leaving Plaintiff feeling both powerless and violated. This act, coupled with Defendants' dismissive and inadequate response, perpetuated an environment of hostility and fear for Plaintiff, particularly as a female customer.

61.    Defendants had a business and service relationship with Plaintiff as a consumer of their delivery services, falling within the scope of California Civil Code Section 51.9. The conduct described herein was unwelcome, pervasive, and offensive. A reasonable person in Plaintiff's position would find the conduct intimidating and hostile. Defendants knew or should have known about the harassing conduct but failed to take any corrective action to address it.

62.    As a direct and proximate result of Defendants' actions and omissions, Plaintiff has suffered severe emotional distress, mental anguish, and inconvenience. Additionally, Plaintiff has incurred economic damages due to the alteration of her reliance on Defendants' delivery services for her business needs. Plaintiff continues to experience fear and distress when interacting with Defendants or their services.

63.    Defendants' actions were intentional, oppressive, fraudulent, and malicious, justifying the imposition of punitive damages under California Civil Code Section 3294 to deter similar conduct in the future.

64.    Plaintiff seeks all damages allowed by law, including general, special, and punitive damages, equitable relief, attorney's fees, and any further relief this Court deems just and proper.

10

COMPLAINT JOSEPHINE VILLASENOR

# EIGHTH CAUSE OF ACTION
## VIOLATION OF THE UNRUH CIVIL RIGHTS ACT (CALIFORNIA CIVIL CODE SECTION 51)
### (Against All Defendants)

65.    Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

66.    The Unruh Civil Rights Act guarantees that all persons within the jurisdiction of the State of California are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments, including those provided by Defendants. Under California Civil Code Section 51, Defendants are prohibited from discriminating against individuals based on disability or any arbitrary classification.

67.    At all relevant times, Plaintiff was entitled to equal access and treatment as a consumer of Defendants' services, regardless of her disability. Plaintiff's limited mobility and reliance on Defendants for delivery services, exacerbated by her physical limitations, placed her in a position of vulnerability, requiring Defendants to ensure that their services accommodated her disability and did not subject her to discriminatory practices.

68.    Defendants violated the Unruh Civil Rights Act by failing to ensure that their delivery services met the standards of safety, hygiene, and accessibility reasonably expected by all customers, particularly those with disabilities. Specifically, by delivering a package contaminated with urine, mishandling Plaintiff's subsequent complaints, and refusing to provide a reasonable accommodation or apology, Defendants treated Plaintiff in a manner that was unequal and discriminatory.

69.    Defendants' actions effectively denied Plaintiff full and equal access to their services, as the delivery incident and Defendants' inadequate response created a hostile and unsafe environment for Plaintiff as a customer. Defendants' failure to take meaningful corrective action further demonstrated their disregard for Plaintiff's rights under the Unruh Civil Rights Act.

70.    As a direct and proximate result of Defendants' discriminatory conduct, Plaintiff suffered severe emotional distress, anxiety, and inconvenience. Plaintiff also incurred additional expenses and physical strain as a result of having to alter her reliance on Defendants' delivery services to avoid further incidents.

11

**COMPLAINT JOSEPHINE VILLASENOR**

71.     Defendants' actions were intentional, oppressive, fraudulent, and malicious, justifying the imposition of punitive damages under California Civil Code Section 3294 to deter similar conduct in the future.

### PRAYER

Wherefore, Plaintiff prays for judgment against Defendants as follows:

1.  For general damages according to proof at trial;

2.  For special damages according to proof at trial, including medical expenses and compensation for Plaintiff's emotional distress;

3.  Punitive damages to punish and deter future conduct;

4.  Attorney's fees and costs provided by law;

5.  For such other and further relief as this Court deems just and proper.

DATED: January 14, 2025                                          MURRIN LAW FIRM

J. Owen Murrin, Attorney for
JOSEPHINE VILLASENOR

**COMPLAINT JOSEPHINE VILLASENOR**

CIV-050

**- DO NOT FILE WITH THE COURT-**
**-UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585 -**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address):* | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|
| J. Owen Murrin (75329)<br>Murrin Law Firm<br>7040 E. Los Santos Drive<br>Long Beach, California 90815<br>ATTORNEY FOR *(name):* Plaintiff Josephine Villasenor | 562-342-3011 | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 275 Magnolia Ave.
MAILING ADDRESS: 275 Magnolia Ave.
CITY AND ZIP CODE: Long Beach, CA 90802
BRANCH NAME: Gov. George Deukmejian Courthouse

PLAINTIFF: Josephine Villasenor
DEFENDANT: Amazon.com Services, LLC, et al.

| STATEMENT OF DAMAGES<br>(Personal Injury or Wrongful Death) | CASE NUMBER:<br>25LBCV00108 |
|---|---|

To *(name of one defendant only):* Amazon.com Services, LLC
Plaintiff *(name of one plaintiff only):* Josephine Villasenor
seeks damages in the above-entitled action, as follows:

|  |  | AMOUNT |
|---|---|---|
| **1. General damages** | | |
| a. ✓ | Pain, suffering, and inconvenience | $ 50,000,000 |
| b. ✓ | Emotional distress. | $ 50,000,000 |
| c. ☐ | Loss of consortium | $ |
| d. ☐ | Loss of sociey and companionship *(wrongful death actions only)* | $ |
| e. ☐ | Other *(specify)* | $ |
| f. ☐ | Other *(specify)* | $ |
| g. ☐ | Continued on Attachment 1.g. | |
| **2. Special damages** | | |
| a. ✓ | Medical expenses *(to date)* | $ 50,000,000 |
| b. ✓ | Future medical expenses *(present value)* | $ 50,000,000 |
| c. ✓ | Loss of earnings *(to date)* | $ 50,000,000 |
| d. ✓ | Loss of future earning capacity *(present value)* | $ 50,000,000 |
| e. ☐ | Property damage | $ |
| f. ☐ | Funeral expenses *(wrongful death actions only)* | $ |
| g. ☐ | Future contributions *(present value) (wrongful death actions only)* | $ |
| h. ☐ | Value of personal service, advice, or training *(wrongful death actions only)* | $ |
| i. ✓ | Other *(specify)* Attorney fees and costs | $ 50,000,000 |
| j. ✓ | Other *(specify)* Statutory fees | $ 50,000,000 |
| k. ☐ | Continued on Attachment 2.k. | |

3. ✓ **Punitive damages:** Plaintiff reserves the right to seek punitive damages in the amount of *(specify)*.. $ 50,000,000
when pursuing a judgment in the suit filed against you.

Date: 1/20/2025

J. Owen Murrin
(TYPE OR PRINT NAME)

*J. Owen Murrin*
(SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

(Proof of service on reverse)

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CIV-050 [Rev. January 1, 2007]

STATEMENT OF DAMAGES
(Personal Injury or Wrongful Death)

Code of Civil Procedure, §§ 425.11, 425.115
www.courtinfo.ca.gov

CIV-050

| PLAINTIFF: Josephine Villasenor | CASE NUMBER: |
|---|---|
| DEFENDANT: Amazon.com Services, LLC, et al. | 25LBCV00108 |

## PROOF OF SERVICE

*(After having the other party served as described below, with any of the documents identified in item 1, have the person who served the documents complete this Proof of Service. Plaintiff cannot serve these papers.)*

1. I served the
   a. ☐ Statement of Damages   ☐ Other *(specify):*

   b. on *(name):*

   c. by serving ☐ defendant   ☐ other *(name and title or relationship to person served):*

   d. ☑ by delivery   ☐ at home   ☐ at business
      (1) date:
      (2) time:
      (3) address:

   e. ☐ by mailing
      (1) date:
      (2) place:

2. Manner of service *(check proper box):*
   a. ☐ **Personal service.** By personally delivering copies. (CCP § 415.10)
   b. ☐ **Substituted service on corporation, unincorporated association (including partnership), or public entity.** By leaving, during usual office hours, copies in the office of the person served with the person who apparently was in charge and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left. (CCP § 415.20(a))
   c. ☐ **Substituted service on natural person, minor, conservatee, or candidate.** By leaving copies at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household or a person apparently in charge of the office or place of business, at least 18 years of age, who was informed of the general nature of the papers, and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left. (CCP § 415.20(b)) **(Attach separate declaration or affidavit stating acts relied on to establish reasonable diligence in first attempting personal service.)**
   d. ☐ **Mail and acknowledgment service.** By mailing (by first- class mail or airmail, postage prepaid) copies to the person served, together with two copies of the form of notice and acknowledgment and a return envelope, postage prepaid, addressed to the sender. (CCP § 415.30) **(Attach completed acknowledgment of receipt.)**
   e. ☐ **Certified or registered mail service.** By mailing to an address outside California (by first-class mail, postage prepaid, requiring a return receipt) copies to the person served. (CCP § 415.40) **(Attach signed return receipt or other evidence of actual delivery to the person served.)**
   f. ☐ Other *(specify code section):*
      ☐ additional page is attached.

3. At the time of service I was at least 18 years of age and not a party to this action.
4. Fee for service: $
5. Person serving:
   a. ☐ California sheriff, marshal, or constable
   b. ☐ Registered California process server
   c. ☐ Employee or independent contractor of a registered California process server
   d. ☐ Not a registered California process server
   e. ☐ Exempt from registration under Bus. & Prof. Code § 22350(b)

   f. Name, address and telephone number and, if applicable, county of registration and number:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

▶ _____
(SIGNATURE)

*(For California sheriff, marshal, or constable use only)*
I certify that the foregoing is true and correct.

Date:

▶ _____
(SIGNATURE)

**PROOF OF SERVICE**
**(Statement of Damages)**

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br>AMAZON.COM SERVICES LLC; AMAZON.COM, INC.; Does 1-10<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br>JOSEPHINE VILLASENOR | *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)*<br><br>**Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>1/17/2025 9:57 AM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By A. Miranda, Deputy Clerk** |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* George Devkmejian Courthouse<br>275 Magnolia, Long Beach, CA 90802 | **CASE NUMBER:**<br>*(Número del Caso):*<br>**25LBCV00108** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
J. Owen Murrin; 7040 E. Los Santos Drive, Long Beach, CA 90815; 562-342-3011

| | | |
|---|---|---|
| **DATE:**<br>*(Fecha)* 01/17/2025 | Clerk, by David W. Slayton, Executive Officer/Clerk of Court<br>A. Miranda | , Deputy<br>*(Adjunto)* |
| | *(Secretario)* | |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465<br>www.courts.ca.gov

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>J. Owen Murrin SBN 75329<br>Murrin Law Firm; 7040 E. Los Santos Drive, Long Beach, CA 90815<br><br>TELEPHONE NO.: 562-342-3011        FAX NO.: 562-724-7007<br>EMAIL ADDRESS: jmurrin@murrinlawfirm.com<br>ATTORNEY FOR *(Name)*: Josephine Villasenor | FOR COURT USE ONLY |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES<br>STREET ADDRESS: 275 Magnolia<br>MAILING ADDRESS: 275 Magnolia<br>CITY AND ZIP CODE: Long Beach 90802<br>BRANCH NAME: George Deukmejian Courthouse | Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>1/17/2025 9:57 AM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By A. Miranda, Deputy Clerk |
| CASE NAME:<br>Villasenor v. Amazon, et al. | |

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited      [ ] Limited<br>(Amount            (Amount<br>demanded         demanded is<br>exceeds $35,000)  $35,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 25LBCV00108 |
| | | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [X] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [X] punitive
4. Number of causes of action *(specify)*: 8
5. This case [ ] is  [X] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: January 14, 2025

J. Owen Murrin
_____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET
CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
   Damage/Wrongful Death
Uninsured Motorist (46) *(if the
   case involves an uninsured
   motorist claim subject to
   arbitration, check this item
   instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death) Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/
      Wrongful Death
Product Liability *(not asbestos or
   toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice–
      Physicians & Surgeons
   Other Professional Health Care
      Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip
      and fall)
   Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
   Intentional Infliction of
      Emotional Distress
   Negligent Infliction of
      Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
   Practice (07)
Civil Rights (e.g., discrimination,
   false arrest) *(not civil
   harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice
      *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease
      Contract *(not unlawful detainer
         or wrongful eviction)*
   Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/
      Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open
   book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally
   complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
   Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
   drugs, check this item; otherwise,
   report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court
      Case Matter
   Writ–Other Limited Court Case Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor Commissioner
      Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
   *(arising from provisionally complex
   case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of County)
   Confession of Judgment *(non-domestic
      relations)*
   Sister State Judgment
   Administrative Agency Award
      *(not unpaid taxes)*
   Petition/Certification of Entry of
      Judgment on Unpaid Taxes
   Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-
      harassment)*
   Mechanics Lien
   Other Commercial Complaint
      Case *(non-tort/non-complex)*
   Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
   Governance (21)
Other Petition *(not specified above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late Claim
   Other Civil Petition

| SHORT TITLE | CASE NUMBER |
|---|---|
| Villasenor v. Amazon, et al. | 25LBCV00108 |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> **This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) | |
|---|---|
| 1. Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. Location where petitioner resides. |
| 2. Permissive filing in Central District. | 8. Location wherein defendant/respondent functions wholly. |
| 3. Location where cause of action arose. | 9. Location where one or more of the parties reside. |
| 4. Location where bodily injury, death or damage occurred. | 10. Location of Labor Commissioner Office. |
| 5. Location where performance required, or defendant resides. | 11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6. Location of property or permanently garaged vehicle. | |

| | A<br>Civil Case Cover<br>Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable<br>Reasons (see<br>Step 3 above) |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| **Other Personal Injury/ Property Damage/ Wrongful Death** | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct -- Sexual Abuse Case (in any form) | 1, 4 |

| LASC CIV 109 Rev. 01/23 | CIVIL CASE COVER SHEET ADDENDUM | LASC Local Rule 2.3 |
|---|---|---|
| For Mandatory Use | AND STATEMENT OF LOCATION | |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Villasenor v. Amazon, et al. | 25LBCV00108 |

| | A<br>Civil Case Cover<br>Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable<br>Reasons (see<br>Step 3 above) |
|---|---|---|---|
| **Other Personal Injury/ Property Damage/ Wrongful Death** | | ☐ 2307 Construction Accidents | 1, 4 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☑ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

LASC CIV 109 Rev. 01/23
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM ·
AND STATEMENT OF LOCATION**

LASC Local Rule 2.3

| SHORT TITLE | CASE NUMBER |
|---|---|
| Villasenor v. Amazon, et al. | 25LBCV00108 |

| | A<br>Civil Case Cover<br>Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable<br>Reasons (see<br>Step 3 above) |
|---|---|---|---|
| **Contract (Continued)** | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br><br>Number of Parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

LASC CIV 109 Rev. 01/23
For Mandatory Use

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

LASC Local Rule 2.3

| SHORT TITLE | CASE NUMBER |
|---|---|
| Villasenor v. Amazon, et al. | 25LBCV00108 |

| | A<br>Civil Case Cover<br>Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable<br>Reasons (see<br>Step 3 above) |
|---|---|---|---|
| **Provisionally Complex Litigation (Continued)** | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☐ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Villasenor v. Amazon, et al. | 25LBCV00108 |

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON:  ☐ 1. ☐ 2. ☐ 3. ☐ 4. ☑ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11 | ADDRESS: 1744 Gaviota Ave., Unit D, Long Beach, CA 90813 |
|---|---|
| CITY: Long Beach  STATE: CA  ZIP CODE: 90813 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the ___South___ District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: 01/15/2025 _____

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (01/23).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 01/23          **CIVIL CASE COVER SHEET ADDENDUM**          LASC Local Rule 2.3
For Mandatory Use                      **AND STATEMENT OF LOCATION**



# Superior Court of California, County of Los Angeles

---

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

### What is ADR?
ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or decision by a judge or jury.

### Main Types of ADR
1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

LASC CIV 271 Rev. 03/23
For Mandatory Use

## How to Arrange Mediation in Los Angeles County

Mediation for **civil cases** is voluntary and parties may select any mediator they wish.  Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

   - **ADR Services, Inc.** Assistant Case Manager Janet Solis, janet@adrservices.com (213) 683-1600
   - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

   **These organizations cannot accept every case and they may decline cases at their discretion.**  They may offer online mediation by video conference for cases they accept.  Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

   **NOTE:  The Civil Mediation Vendor Resource List program does not accept family law, probate, or small claims cases.**

b. **Los Angeles County Dispute Resolution Programs.**  Los Angeles County-funded agencies provide mediation services on the day of hearings in small claims, unlawful detainer (eviction), civil harassment, and limited civil (collections and non-collection) cases. https://dcba.lacounty.gov/countywidedrp/

   **Online Dispute Resolution (ODR).**  Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.  https://my.lacourt.org/odr/

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration:**  Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome.  In "binding" arbitration, the arbitrator's decision is final; there is no right to trial.  In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision.  For more information about arbitration, visit https://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):**  MSCs are ordered by the Court and are often held close to the trial date or on the day of trial.  The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.  For information about the Court's MSC programs for civil cases, visit https://www.lacourt.org/division/civil/CI0047.aspx

Los Angeles Superior Court ADR website:  https://www.lacourt.org/division/civil/CI0109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

<table>
<tr><td colspan="2">

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF LOS ANGELES**

</td><td>

Reserved for Clerk's File Stamp

</td></tr>
</table>

| | |
|---|---|
| COURTHOUSE ADDRESS:<br>Governor George Deukmejian Courthouse<br>275 Magnolia Ave, Long Beach, CA 90802 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>01/17/2025<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ A. Miranda _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br>**UNLIMITED CIVIL CASE** | |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>25LBCV00108 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Nicole M. Heeseman | S25 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 01/17/2025
    (Date)

**David W. Slayton, Executive Officer / Clerk of Court**

By A. Miranda _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**